

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-12-00091-CR

VERDELL DARNELL HALL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. CR 17,138

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

## O P I N I O N

Verdell Darnell Hall, Jr., was convicted by a jury of failure to comply with sex-offender registration requirements. He was sentenced to two years' imprisonment and was ordered to pay a $7,000.00 fine. The dispositive point of error raised by Hall on appeal challenges the legal sufficiency of the evidence. Because we find that Hall had no reportable conviction underlying a duty to register as a sex offender, we find the evidence was legally insufficient to convict Hall. Accordingly, we reverse the trial court's judgment and render a judgment of acquittal.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of failure to comply with sex offender registration requirements beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318-19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was

tried." *Id*. Here, the hypothetically correct jury charge required proof that Hill (1) had a reportable conviction or adjudication, (2) was required to register, (3) failed to comply with that requirement, and that (4) his duty to register had not expired. *See Crabtree v. State*, No. PD-0645-11, 2012 WL 5348220, at *3 (Tex. Crim. App. Oct. 31, 2012).

The Texas sex-offender registration statutes were originally enacted in 1991. Act of June 15, 1991, 72nd Leg., R.S., ch. 572, Tex. Gen. Laws 2029–32; *see Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). The current version of Chapter 62, under which Hall was indicted, applies to all "reportable conviction[s] or adjudication[s] occurring on or after September 1, 1970. TEX. CODE CRIM. PROC. ANN. art. 62.002(a) (West 2006). Before being subjected to the sex offender registration, Section 62.051 of the Texas Code of Criminal Procedure requires that an accused have "a reportable conviction or adjudication," which is defined by Section 62.001 as "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on . . . (A) a violation of Section . . . 22.021 (aggravated sexual assault)." TEX. CODE CRIM. PROC. ANN. art. 62.001 (West Supp. 2012), art. 62.051 (West 2006).

On January 30, 1981, Hall was convicted of "Aggravated Rape, a First-Degree Felony."[1] Hall's sentence of seven years' imprisonment was suspended, and he was placed on community supervision for seven years. At that time, there was no statutory duty to register as a sex

---

[1] In 1983, the Legislature repealed the statute defining the offense of aggravated rape and re-classified it "as the modern-day offense[] of . . . aggravated sexual assault." *Reyes v. State*, 119 S.W.3d 844, 847 (Tex. App.—San Antonio 2003, no pet.). The Legislature intended to include convictions under the former statutes in the definition of reportable conviction or adjudication for purposes of Chapter 62. *Id.* at 847–48; *Lutz v. State*, 184 S.W.3d 366, 368–69 (Tex. App.—Austin 2006, no pet.).

offender, and the terms and conditions of his community supervision did not require him to do so. In 1988, after finding "that all conditions of probation have been satisfactorily fulfilled," the trial court entered an "Order Setting Aside Judgment of Conviction Dismissing the Indictment and Discharging Defendant from Probation." The State characterizes this order as a mere discharge from probation.

However, the 1988 version of the Texas Code of Criminal Procedure, Article 42.12, Section 7 stated:

> [u]pon the satisfactory fulfillment of the conditions of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere to an offense other than an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 6701*l*-1, Revised Statutes, and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 12, 1983 Tex. Gen. Laws 1568, 1591 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20 (West Supp. 2012)).

Utilizing this statute, the trial court's order set aside the judgment of Hall's aggravated rape conviction, dismissed the indictment, discharged Hall from probation and stated, "[T]he Defendant is hereby released from all penalties and disabilities resulting from the Judgment of

4

Conviction in this case." Thus, Hall's conviction was set aside prior to the enactment of sex-offender registration requirements.[2]

Nevertheless, Hall registered as a sex offender in 1998 and 1999. Hall testified that he "spent some time at the state jail" in 1995 as a result of "a drug problem." His parole officer, Cathy Worth, required Hall register as a sex offender in 1998. Hall also registered in 1999, explaining, "I did what [Worth] asked me to do."[3] The indictment in this case complained of a failure to register in 2010.[4]

We find that Hall had no duty to register as a sex offender. The Texas Court of Criminal Appeals in *Cuellar v. State* held that a felony conviction set aside pursuant to Article 42.12, Section 20 could not constitute the predicate conviction required to sustain a conviction for felon in possession of a firearm. *Cuellar v. State*, 70 S.W.3d 815, 816 (Tex. Crim. App. 2002). The language in the current version of Article 42.12, Section 20 mimics the language in the previous version of Article 42.12, Section 7 recited above. *See generally State v. Shelton*, No. 07-12-00122-CR, 2012 WL 5932619 (Tex. App.—Amarillo Nov. 27, 2012, no pet. h.) (applying *Cuellar* to prior version of Article 42.12, Section 7).[5] *Cuellar* is analogous to this case.

---

[2]Hall testified that he was never ordered by a court or told by the probation department that he was required to register as a sex offender.

[3]The State appears to argue that because Hall registered during these years, he knew that he was required to register as a sex offender. This argument begs the question of whether Hall had a duty to register. Furthermore, the registration paperwork stated, "Expiration of Duty to Register: 2001."

[4]There is a lifetime registration requirement for persons convicted of "a sexually violent offense." TEX. CODE CRIM. PROC. ANN. art. 62.101(a)(1) (West Supp. 2012).

[5]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

In 1976, Cuellar pled guilty to possession of heroin. *Id.* The trial court sentenced him to five years' imprisonment, suspended the sentence, and placed Cuellar on community supervision for five years. On September 1, 1981, the trial court entered an order, similar to the one in this case, setting aside the judgment of conviction and dismissing the indictment. *Id.* In 1996, Cuellar was arrested for felon in possession of a firearm. *Id.* He was convicted and appealed on the contention that "since the 1976 conviction was set aside pursuant to Article 42.12, § 20, there was no underlying felony conviction to support a conviction under § 46.04." *Id.* at 817. The court agreed, explaining:

> There is, however, a second, less common type of discharge under Article 42.12, § 20. This second type of discharge is not a right but rather is a matter of 'judicial clemency' within the trial court's sole discretion. *See Wolfe v. State*, 917 S.W.2d 270 (Tex. Crim. App. 1996). . . . That is, when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge *may* "set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." TEX. CODE CRIM. PROC. 42.12, § 20(a); *State v. Jimenez*, 987 S.W.2d 886, 888 n.2 (Tex. Crim. App. 1999) ("Under Texas law, successful completion of probation allows the judge to dismiss some charges without a final conviction."). These words are crystal clear. There is no doubt as to their meaning. *See Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991). If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom "released from all penalties and disabilities" resulting from the conviction. Art. 42.12, § 20(a).

*Id.* at 818–19 (citation omitted) (footnotes omitted).[6]  According to *Cuellar*, "[o]nce the trial court judge signed the Article 42.12, § 20, order, the felony conviction disappears," except in circumstances not applicable to our case.  *Id.* at 820.

Applying the principles discussed in *Cuellar*, and recognizing the judicial clemency that was afforded to Hall in 1988, we conclude that there was no underlying conviction which could serve as the predicate conviction activating the sex-offender registration requirement.  Therefore, the evidence was legally insufficient to support the trial court's judgment convicting Hall.

Hall's point of error relating to legal sufficiency of the evidence is sustained.

We reverse the trial court's judgment and render judgment of acquittal.

Jack Carter
Justice

Date Submitted:     January 23, 2013
Date Decided:      February 6, 2013

Publish

---

[6]In 1997, the Legislature amended the statute to specifically exclude defendants convicted of a sex offense who were required to register under Chapter 62 from being able to receive this judicial clemency.  *Cuellar*, 70 S.W.3d at 819, n.5.

7