August 18, 2014

The Honorable E. Bruce Curry
216th Judicial District Attorney
200 Earl Garrett Street, Suite 202
Kerrville, Texas 78028

Opinion No. GA-1077

Re: Whether the early termination of deferred adjudication is a reportable conviction or adjudication for purposes of chapter 62 of the Code of Criminal Procedure (RQ-1188-GA)

Dear Mr. Curry:

You ask whether the early termination of deferred adjudication community supervision is a "reportable conviction" for purposes of the duty to register as a sex offender under chapter 62 of the Code of Criminal Procedure.[1] You tell us that in 1986, the defendant in question pleaded guilty to the offense of indecency with a child by contact under section 21.11 of the Penal Code and received a sentence of two years of deferred adjudication community supervision.[2] Request Letter at 1; TEX. PENAL CODE ANN. § 21.11 (West 2011). You state that the court subsequently issued an order that terminated the deferred adjudication period early. Request Letter at 1–2. You indicate that the order was issued pursuant to the former version of article 42.12, section 5(c) of the Code of Criminal Procedure, which authorized a court to "dismiss the proceedings and discharge the defendant prior to the expiration of the term of probation." *Id.* at 3; *see* Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c) (West Supp. 2013)). Because section 5(c) is generally similar to the version of that statute in effect at the time the early termination order was made, we will refer to section 5(c) in this opinion.[3]

---

[1]Letter from Honorable E. Bruce Curry, Dist. Att'y, 216th Jud. Dist., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Feb. 18, 2014), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]In 1986, article 42.12 of the Code of Criminal Procedure provided that a "court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation." Act of May 31, 1981, 67th Leg., R.S., ch. 544, § 1, 1981 Tex. Gen. Laws 2263, 2263 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2013)).

[3]There is, however, an important difference between the current and former versions of section 5(c). Currently, section 5(c) expressly prohibits a judge from terminating a deferred adjudication early, dismissing the proceedings and discharging a defendant, for "a defendant charged with an offense requiring the defendant to

(continued...)

As you explain, the legal duty to register as a sex offender did not exist in 1987 when the early termination order was made. Request Letter at 2. But chapter 62 applies retroactively, requiring a person who has a "reportable conviction or adjudication" occurring on or after September 1, 1970 to register as a sex offender. TEX. CODE CRIM. PROC. ANN. arts. 62.002(a), .051(a) (West Supp. 2013). Consequently, the defendant you describe would have a duty to register as a sex offender if he or she has a "reportable conviction or adjudication" under chapter 62. *See Reynolds v. State*, 385 S.W.3d 93, 95–99 (Tex. App.—Waco 2012) (discussing the applicability of sex offender registration requirements to offenses that predate the enactment of chapter 62), *aff'd*, 423 S.W.3d 377 (Tex. Crim. App. 2014). A "reportable conviction or adjudication" is defined in chapter 62 as "a conviction or adjudication, including . . . a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on" a violation of any one of an enumerated list of offenses, including indecency with a child by contact under section 21.11 of the Penal Code. TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2013). You acknowledge that a deferred adjudication based on the offense of indecency with a child by contact, which the defendant was charged with in this instance, satisfies this definition. Request Letter at 2. But you ask whether chapter 62 still applies in light of the order that terminated the deferred adjudication early. *Id.* at 1–2. To answer your question we must examine the legal effect of an early termination order made under section 5(c).

Construction of any statute starts with a consideration of its plain language, which is the best indicator of the Legislature's intent. *In re Lee*, 411 S.W.3d 445, 451 (Tex. 2013) (orig. proceeding). Section 5(c) expressly provides that an early dismissal or discharge made under that section "may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense" except in certain instances not relevant here. Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, 1975 Tex. Gen. Laws 572, 573 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c) (West Supp. 2013)). The early termination of deferred adjudication community supervision made under section 5(c) is therefore not a "reportable conviction" for purposes of chapter 62. But section 5(c) is silent on whether an early dismissal or discharge would constitute an *adjudication* for purposes of other laws, and we are unaware of any authority suggesting that a discharge made under that section affects the applicability of chapter 62 to a deferred adjudication. *Cf. Cuellar v. State*, 70 S.W.3d 815, 818–19 (Tex. Crim. App. 2002) (holding that the early termination of post-*conviction* community supervision made under the clemency mechanism provided in article 42.12, section 20(a) effectively "wipe[s] away" a conviction for purposes of a law requiring a conviction as an element of an offense); *Hall v. State*, 2013 WL 441007, at **1–3 (Tex. App.—Texarkana 2013, pet. denied) (relying on *Cuellar* to hold that a defendant who received an early discharge under article 42.12, section 20(a) has no "reportable conviction" and thus no duty to register under

---

register as a sex offender under Chapter 62." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(c) (West Supp. 2013). That provision did not exist at the time of the events described in your request. We therefore note that the question raised in your request would not arise under section 5(c) as currently enacted.

chapter 62); *but see State v. Juvrud*, 187 S.W.3d 492, 496 (Tex. Crim. App. 2006) (recognizing that subsection 20(a) applies only to the discharge or reduction of post-conviction community supervision, not to the early termination of deferred adjudication). The plain language of section 5(c) thus suggests that while the Legislature has allowed a discharge made under that section to erase a conviction for purposes of other laws, it did not intend the same effect for a deferred adjudication. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 885 (Tex. 2000) (relying on principle of statutory construction that the Legislature knows how to enact laws effectuating its intent).

Furthermore, we presume that when the Legislature enacts or modifies a statute, it does so "with complete knowledge of the existing law and with reference to it." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). When chapter 62 was enacted, a court's authority to terminate a deferred adjudication early under section 5(c) already existed. Yet the definition of "reportable conviction or adjudication" under chapter 62 includes a deferred adjudication regardless of whether it was terminated early, completed, or revoked. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (West Supp. 2013). In addition, the Legislature has provided the limited circumstances under which the duty to register under chapter 62 "on the basis of a reportable conviction or adjudication" does not apply, and neither of them involves the early termination of a deferred adjudication. *See id.* art. 62.002(c) (providing that chapter 62 does not apply if the conviction or adjudication is set aside on appeal by a court or the defendant receives a pardon based on proof of innocence). This indicates that the Legislature did not intend for the ultimate disposition of a deferred adjudication to affect the applicability of chapter 62.

By its plain language, chapter 62 applies on the mere occurrence of a "reportable conviction or adjudication" on or after September 1, 1970. Therefore, a court would likely conclude that an order issued under section 5(c) of article 42.12, granting a defendant an early termination of deferred adjudication community supervision, does not affect the deferred adjudication's potential status as an "adjudication" subject to the registration requirements of chapter 62.[4]

---

[4]You state the defendant in this instance could be prosecuted for failing to register under chapter 62 "so long as there is evidence of *mens rea*," but that the defendant has never "been informed or notified previously of any duty to register." Request Letter at 2. Whether the defendant committed an offense under article 62.102 for failing to comply with the duty to register under chapter 62 involves questions of fact for determination by a jury, not an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0511 (2007) at 7.

## S U M M A R Y

A court would likely conclude that an order issued under a previous version of article 42.12, section 5(c) of the Code of Criminal Procedure, granting a defendant an early termination of deferred adjudication community supervision, does not affect the deferred adjudication's potential status as an "adjudication" subject to the sex offender registration requirements of chapter 62 of the Code of Criminal Procedure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Stephen L. Tatum, Jr.
Assistant Attorney General, Opinion Committee