

# NUMBER 13-12-00671-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ROGER ALAN SCOTT,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

### On appeal from the 432nd District Court
### of Tarrant County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Roger Alan Scott appeals his conviction of failure to comply with sexual

offender registration requirements, a third-degree felony. *See* TEX. CODE CRIM. PROC.

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

ANN. art. 62.102(2) (West, Westlaw through 2013 3d C.S.). After the trial court found appellant guilty, it assessed punishment at five years' confinement in the Texas Department of Criminal Justice, Institutional Division. By his appeal, appellant argues: (1) the evidence was insufficient to convict; and (2) his conviction relied on inadmissible hearsay. Because the evidence was insufficient, we reverse and render.

## I. BACKGROUND

In 1999, appellant was convicted in Illinois of "criminal sexual assault"[2] and sentenced to four years' imprisonment. In 2009, he moved to Arlington, Texas. In 2011, the Arlington Police Department informed him that Texas law required him to register as a sex offender. Appellant subsequently registered and signed a notification form that outlined his registration responsibilities.

During the trial, Detective Josh Lovelace testified that appellant moved out of Texas without giving notice, which was a violation of appellant's registration requirements. The following exchange between the State and Detective Lovelace is the only evidence addressing whether the Department of Public Safety (DPS) had determined that appellant's Illinois offense was substantially similar to an offense in Texas requiring registration:

Q: Okay. Now, when he transferred into Grand Prairie, is—is it fair to say that you are his local law enforcement authority for the sex offender registration program of Chapter 62 of the Texas Code of Criminal Procedure?

A: Yes, I would be.

---

[2] 720 ILL. COMP. STAT. 5/12-13(a)(3) (West, Westlaw through 2010 R.S.). This statute was renumbered and amended in 2011 to 720 ILL. COMP. STAT. 5/11-1.20(a) (West, Westlaw through 2013 R.S.).

Q:	All right.   Do you know why he had to register with your unit?

[DEFENSE]:	Your Honor, I'm going to object as to hearsay. Mr.—Detective Lovelace has already testified to the fact that he was not the sex—the officer that was originally in charge of Mr. Scott's registration, and therefore anything that he testifies to prior to him becoming the officer would be hearsay.

[STATE]:	May I respond?

THE COURT:	You may.

[STATE]:	My last statement, I'm not offering it to—to prove what he did or why he's on registration.   I'm simply offering it to prove why he was supervising him.

THE COURT:	All right.   Well, I'm overruling the objection. The officer's already previously testified that he's the administration officer of Grand Prairie, Texas under Chapter 62.   Therefore, it is relevant as to the accusations of these events.

All right.   Thank you.   You may be seated. You may proceed.

[STATE]:	All right.

A:	I'm sorry.   Can you repeat that?

Q:	Do you know why he had to register with your unit?

A:	Yes.   The records that I had in my file showed that he had a conviction out of Illinois for a sexual crime against a child, which would be equal to sexual assault of a child in the state of Texas, which requires him to register through Chapter 62, Code of Criminal Procedure.

Q:	And how do you know it would be substantially—or would you say it was sub—it's substantially similar to the sexual assault of a child?

3

A:     Yes.   Out-of-state convictions are reviewed by attorneys with DPS [the Department of Public Safety] for the State.   They make the comparisons for a conviction from out of state, and they match that up with a conviction that would be in the state of Texas.

The trial court admitted five exhibits offered by the State:   (1) a copy of appellant's Illinois judgment and sentence; (2) a letter wherein appellant stipulated he was the person reflected in the Illinois judgment and sentence; (3) the Texas Sex Offender registration form that appellant signed; and (4-5) two emails from appellant to Detective Lovelace discussing his registration duties.   None of the exhibits, including the Texas Sex Offender registration form presented to appellant by a local registration officer, showed that DPS made any determination that appellant's Illinois offense was substantially similar to a Texas offense requiring registration.

## II. SUFFICIENCY OF THE EVIDENCE

By his first three issues, appellant contends the evidence is insufficient to support his conviction.   Specifically, appellant argues the evidence was legally insufficient to support his conviction because:   (1) there is legally insufficient evidence to show that DPS determined the Illinois offense of criminal sexual assault to be "substantially similar" to a Texas offense requiring registration; (2) there is legally insufficient evidence to show that DPS determined the Illinois offense of criminal sexual assault to be substantially similar to a "sexually violent offense" in Texas, which requires lifetime registration; and (3) the Illinois offense of criminal sexual assault is not a "sexually violent offense" under Texas law and, therefore, if appellant had a duty to register as a sex offender under Texas law, that duty expired prior to the date of the registration offense at issue in this case.

4

**A. Standard of Review and Applicable Law**

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State*, 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.). The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony. *Brooks*, 323 S.W.3d at 899; *Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008). Reconciliation of conflicts in the evidence is the fact-finder's exclusive province. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). The fact-finder is permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Hooper v. State*, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007). We resolve any inconsistencies in the testimony in favor of the verdict. *Bynum v. State*, 767 S.W.2d 769, 776 (Tex. Crim. App. 1989) (en banc).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for

5

which the defendant was tried.   *Id.*   Here, the hypothetically correct jury charge required proof that appellant:   (1) had a reportable conviction or adjudication; (2) was required to register; (3) failed to comply with that requirement; and (4) his duty to register had not yet expired.   *Crabtree v. State*, 389 S.W.3d 820, 824–25 (Tex. Crim. App. 2012); *Hall v. State*, No. 06-12-00091-CR, 2013 WL 441007, at *1 (Tex. App.—Texarkana Feb. 6, 2013, pet. ref'd).

## B.     Substantial-Similarity Determination

By his first issue, appellant argues the evidence is insufficient to show that DPS made a determination that his Illinois offense was "substantially similar" to a Texas offense requiring registration.   We agree.

"Texas Code of Criminal Procedure Chapter 62 defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements."   *Crabtree*, 389 S.W.3d at 825.   "Article 62.001(5) defines 'reportable conviction or adjudication' as a conviction or adjudication for specifically identified Texas sex offenses or offenses containing a sexual component." *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. 62.001(5) (West, Westlaw through 2013 3d C.S.).   The definition of "reportable conviction or adjudication" also includes "a violation of the laws of another state, federal law, the laws of a foreign country, or the Uniform Code of Military Justice for or based on the violation of an offense containing elements that are substantially similar to the elements of [an enumerated offense], but not if the violation results in deferred adjudication."   TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(H); *Crabtree*, 389 S.W.3d at 825.

Article 62.003 makes DPS responsible for determining whether an out-of-state offense is substantially similar to the elements of a Texas offense requiring registration. TEX. CODE CRIM. PROC. ANN. art. 62.003 (West, Westlaw through 2013 3d C.S.). "[A] DPS substantial-similarity determination is an essential element of the offense of failure to comply with registration requirements" based on an out-of-state conviction or adjudication. *Crabtree*, 389 S.W.3d at 832. Because the substantial-similarity determination is an essential element of the offense, the record must contain some evidence that DPS made the determination. *See id.* at 833.

In *Crabtree*, the defendant had been previously convicted in Washington for the offenses of rape of a child in the first degree, child molestation in the first degree, and statutory rape in the first degree. *Id.* at 823. Upon learning of Crabtree's Washington convictions, Texas law enforcement officials arrested him for failing to register as a sex offender. During his trial, the State introduced the Washington judgments and charging instruments, and the sponsoring witness, a crime scene investigator who compared Crabtree's fingerprints to the those in the Washington documents, testified that the conduct described in the charging instrument for rape of a child in the first degree would be considered a first-degree felony aggravated sexual assault of a child in Texas. *Id.*

The sheriff's deputy who oversaw the local sex offender registration program testified that the Washington rape of a child in the first degree was substantially similar to the Texas offense of aggravated sexual assault of a child and that child molestation in the first degree was substantially similar to a sexually violent offense. *Id.* She conceded, however, that the DPS is ultimately responsible for determining whether an out-of-state

7

conviction is substantially similar to a Texas offense. *Id.* The State did not proffer any evidence at trial or otherwise notify the trial judge that the DPS had determined Crabtree's Washington conviction was substantially similar to a Texas offense requiring registration. *Id.* at 823, 833. The jury found Crabtree guilty, but the Court of Criminal Appeals concluded the evidence was insufficient because "[t]he record is silent as to whether DPS previously determined that the Washington offense of rape of a child in the first degree was substantially similar to a Texas offense statutorily defined as a 'reportable conviction or adjudication.'" *Crabtree*, 389 S.W.3d at 823, 833.

Here, as in *Crabtree*, the record is silent regarding whether DPS made the substantially-similar determination. Detective Lovelace's testimony merely reflected a general understanding that DPS makes the substantially-similar determination. His testimony, however, falls far short of showing: (1) he had personal knowledge regarding such a DPS determination; (2) DPS actually made the determination in this case; and (3) the results of such a determination. The State presented no other testimony, exhibits, or other evidence that would show the DPS determination.

Although the manner of proving the DPS determination is flexible,[3] *Crabtree* requires more than a statement by someone unconnected to the DPS determination that merely describes the DPS's general process for making the determination in all cases. Instead, the State must provide evidence of the DPS's case-specific determination, which

---

[3] The *Crabtree* court did not specify what form the substantial-similarity determination evidence must take. *Crabtree*, 389 S.W.3d at 833. Accordingly, the substantial-similarity determination could be shown in a number of ways, as in enhancement cases. *See, e.g., Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Taking direction from enhancement cases, we note that the State could prove the DPS determination in many ways, including, but not limited to: (1) the defendant's admission or stipulation; (2) testimony by a person who was present when the determination was made (e.g. a DPS officer involved in the determination); or (3) documentary proof (such as a record of the determination). *See id.*

is "a condition precedent to proving [a defendant] had a duty to register and failed to comply with that burden." *Id.* at 832. Because the State in this case did not provide any evidence of that determination, the evidence is insufficient to sustain appellant's conviction. *See id.* at 833; *see also Hooper*, 214 S.W.3d at 15 (holding as insufficient evidence that only supports "mere speculation or factually unsupported inferences or presumptions."); *Brown v. State*, No. 05-10-00162-CR, 2013 WL 4017429, at *1–2 (Tex. App.—Dallas Aug. 6, 2013, pet. denied) (op. on remand, not designated for publication) (holding that because the State failed to introduce a DPS determination of substantial similarity, the evidence was insufficient).

We sustain appellant's first issue, and, having sustained that issue, we need not address appellant's remaining issues. *See* TEX. R. APP. P. 47.1.

## V. CONCLUSION

Holding that the evidence was insufficient to support appellant's conviction for the offense of failure to comply with the registration requirements, we reverse the trial court's judgment and render a judgment of acquittal.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of October, 2014.

9