LEANNE JOHNSON, Justice,
dissenting.
I respectfully disagree with the majority. In my opinion, the trial court erred in denying the plea to the jurisdiction.
When a party files an interlocutory appeal of a trial court’s ruling on a plea to the jurisdiction, the appeals court “may not weigh the claims’ merits but must con *709 sider only the plaintiffs’ pleadings and the evidence pertinent to the jurisdictional inquiry.” Cty. of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). When the plea to the jurisdiction presents a challenge to the sufficiency of the plaintiffs pleadings, we are required to determine whether the plaintiffs pleadings allege “facts that affirmatively demonstrate the court’s jurisdiction to hear the cause.” See Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). To do so, we construe the pleadings in, the plaintiffs favor and look to the plaintiffs intent. See Brown, 80 S.W.3d at 555.
According to C.I., he is currently registered as a sex offender. And, based on the record before us, this interlocutory appeal does not involve the review of an administrative decision by the DPS. Additionally, this case does not involve an appeal from a criminal proceeding. Rather, this is an interlocutory appeal of the trial court’s ruling on a plea to the jurisdiction.
In the underlying civil suit, C.I. describes his claims in his First Amended Petition as a “declaratory judgment” and request for “injunctive -relief,” claiming the requirement that he register as a sex offender constitutes a breach of his plea agreement. He alleges that the State of Texas has imposed sex offender registration requirements and demanded “specific performance based on the contract for something that was not contracted to.” At no point in the First Amended Petition does C.I. assert an ultra vires claim against McCraw. C.I. merely requests declaratory relief and injunctive relief as to his rights and obligations under the plea agreement, and he asks the trial court to declare that he is not required to register as an offender. C.I. does not make a constitutional challenge to the statute, nor does he challenge the validity of the statute.
“ ‘Reportable conviction or adjudication’ means a conviction., or adjudication, including an adjudication of. delinquent conduct or a deferred adjudication, that, regardless of the pendency of.an appeal, is a conviction for or an adjudication for or based on: ... a violation of Section ... 21.11 (Indecency with a child)[.]” Tex. Code Crim. Proc. Ann. art. 62.001(5)(A) (West Supp. 2016). In 1993, the SORP was amended to specifically include “a deferred adjudication” in the definition of “reportable conviction or adjudication!.]” See Act -of May 30,1993, 73rd Leg., R.S., ch. 866, § 1,1993 Tex. Gen. Laws 3420, 3420. However, the Legislature in 1993 expressly provided that the article applied only to‘reportable convictions or adjudications that occurred on or after September 1, 1991, and to an order of deferred adjudication entered on or after September 1,1993. See Act of May 30,1993, 73rd Leg., R.S., ch. 866, § 3,1993 Tex. Gen. Laws 3420, 3420-21, Under the law as amended in 2005, the Legislature expressly provided that the statute applies to individuals with reportable convictions or adjudications that occurred on or after September 1, 1970. See Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.002, 2005 Tex. Gen. Laws 3385, 3388 (current version at Tex. Code Crim. Proc. Ann. art. 62.002 (West 2006)) (this chapter applies to a reportable conviction or adjudication occurring on or after September 1, 1970); Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 4.01(a), 2005 Tex. Gen. Laws 3385, 3422 (providing that the changes to Chapter 62 apply to offenses committed or engaged in before, on, or after the effective date of the Act). In my opinion, the SORP registration requirements apply to C.I. because he has a “reportable conviction or adjudication” that occurred on or after September 1,1970.
As a. general rule, a party may not obtain a judicial construction of a penal law *710 through a declaratory judgment action. Ryan v. Rosenthal, 314 S.W.3d 136, 141 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing Passel v. Fort Worth Indep. Sch. Dist., 440 S.W.2d 61, 63 (Tex. 1969) (“ ‘It is well settled that courts of equity will not interfere with the ordinary enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights.”’)); see State v. Morales, 869 S.W.2d 941, 947 (Tex. 1994) (“A civil court simply has no jurisdiction to render naked declarations of ‘rights, status or other legal relationships arising under a penal statute.’”). Similarly, to the extent C.I. is requesting that the 136th Judicial District Court declare C.I.’s rights or obligations under his criminal plea agreement, I conclude that the trial court lacked jurisdiction to do so. I also note that even if C.I.’s plea agreement was analyzed under basic contractual principles, he could not seek to enforce the agreement or have the trial court construe the terms of the agreement against McCraw or the DPS because neither of them were parties to the agreement.
It is now well settled that sex offender registration programs like Chapter 62 are civil and remedial in nature, and may be applied retroactively to sex offenders. See Smith v. Doe, 538 U.S. 84, 93, 105-06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (upholding Alaska’s retroactive application of sex offender registration requirements); Reynolds v. State, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) (“The plain meaning of [the 2005 amendments] is simply that the amendments to the law apply to those with a reportable conviction [or adjudication] that occurred on or after September 1, 1970[.]” The savings clause language present in the earlier statutes was deleted by the Legislature.); Rodriguez v. State, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002) (rejecting ex post facto challenges to the SORP statute, and upholding the constitutionality of the 1997 amendments to sex-offender registration statute because they were civil and remedial in nature, and not so punitive as to categorize them as penal in nature); Reynolds v. State, 385 S.W.3d 93, 100 (Tex. App.—Waco 2012), aff'd, 423 S.W.3d 377 (Tex. Crim. App. 2014) (“The 2005 amendments to the registration statute were enacted specifically to address concerns that, because the registration program had been amended numerous times since its enactment, it had become cumbersome and difficult to manage. See Op. Tex. Att’y Gen. No. GA-0454. Reorganizing and amending chapter 62 to make it more easily understood by persons required to administer it would then presumably further the registration program’s original purpose — to promote public safety.”); Ex parte Robinson, 116 S.W.3d 794, 798 (Tex. Crim. App. 2003) (“[T]he 1999 version of the [sex offender registration program], like the 1997 version, is non-punitive in both intent and effect[ ]”); Hernandez v. State, No. 04-04-00020-CR, 2004 WL 1195833, at *1, 2004 Tex. App. LEXIS 4907 at *3 (Tex. App.—San Antonio June 2,2004, no pet.) (mem. op.) (“Chapter 62 of the Code of Criminal Procedure is essentially regulatory in nature, not punitive”); see also Tex. Att’y Gen. Op. GA-1077 (Aug. 18, 2014) (concluding that a defendant who pleaded guilty in 1986 to indecency with a child by contact under section 21.11, received a sentence of two years deferred adjudication, and then obtained an early termination thereof from the trial court, would still be required to register as a sex offender because by its “plain language! ]” the legislature has made it applicable to the occurrence of a “reportable conviction or adjudication” that occurred on or after September 1, 1970; explaining that while the legislature has allowed the discharge made under deferred adjudication to *711 “erase a conviction for purposes of other laws, it did not intend the same effect for a deferred adjudication[ ]”); Tex. Att’y Gen, Op. No. GA-0454 (Sept. 13, 2006) (“In our opinion, the legislature’s adoption of House Bill 867 in 2005 repealed the 1997 savings clause.... While the legislature may have hesitated in 1995 and 1997 to apply a sex offender registration provision retroactively, the courts have determined since then that the retroactive application of such provisions does not violate the ex post facto clause.”).
I find Cuellar v. State, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002), and Hall v. State, 440 S.W.3d 690, 693 (Tex. App.—Texarkana 2013, pet. ref d), to be distinguishable. Both Cuellar and Hall involved the direct appeal of a criminal conviction, and involved underlying dismissals pursuant to the “judicial clemency” provision of section 20(a) of former article 42.12. See Cuellar, 70 S.W.3d at 820; Hall, 440 S.W.3d at 694. As noted by the Court of Criminal Appeals in Cuellar, the vast majority of felony probation sentences that are completed do not involve “judicial clemency.” Id. at 818. C.I.’s dismissal did not involve judicial clemency. Rather, C.I. merely obtained a dismissal after the successful completion of the terms of his community supervision.[1]
I also conclude that CJ.’s pleading fails to assert a viable claim against McCraw for which sovereign immunity has been waived. Where no claim is made that the regulation being challenged is invalid, the Declaratory Judgments Act does not waive governmental immunity to allow a party to obtain a trial court’s interpretation of otherwise valid statutes or ordinances. See Tex. Dep’t of Transp. v. Sefzik, 355 S.W.3d 618, 621 (Tex. 2011) (stating that the Declaratory Judgments Act does not waive immunity “when the plaintiff seeks a declaration of his or her rights under a statute or other law[ ]”), While the Texas Supreme Court allowed a party to obtain an interpretation of a statute in Texas Education Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994), after deciding Leeper, the Texas Supreme Court subsequently clarified that the Declaratory Judgments Act does not operate as a waiver for claims seeking a court’s interpretation of a statute unless the plaintiff has challenged the validity of the statute. See Sefzik, 355 S.W.3d at 622. Because C.I. has not challenged the validity of the SORP statute, the Declaratory Judgments Act cannot be used as the source of the waiver the law requires to vest the trial court with the subject-matter jurisdiction it needs to hear the claims. See Porter v. Montgomery County, No. 09-15-00459-CV, 2017 WL 629487, at *3, 2017 Tex. App. LEXIS 1355 at *9-10 (Tex, Ápp. — Beaumont Feb. 16, 2017). This case does not fall within the ultra vires exception outlined in Heinrich,[2] There is no need to allow the plaintiff an opportunity to amend. See Miranda, 133 S.W.3d at 227.
Therefore, I would hold that the trial court erred in denying the plea to the jurisdiction and I would reverse and render judgment for McCraw.

. As noted in Cuellar v. State, a felon who successfully completes community supervision and obtains a discharge has still been convicted of a felony, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002), The Legislature has now expressly provided that the “judicial clemency" provision would not apply to a defendant like C.I. who has a reportable conviction or adjudication of an offense for which sex registration is required under Chapter 62. See id. at 819,

. See City of El Paso v. Heinrich, 284 S.W.3d 366, 372 (Tex. 2009).