

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00560-CR

Ronald **GUILLORY** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR13486
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 29, 2023

AFFIRMED

In a single issue, appellant Ronald Guillory Jr. challenges the sufficiency of the evidence to support his conviction for failing to comply with sex offender registration requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102. We affirm.

## BACKGROUND

Guillory was placed on deferred adjudication community supervision after being arrested and charged with sexually assaulting a child in 1991. This resulted in a reportable conviction or adjudication that required Guillory to comply with sex offender registration requirements.[1]

In 2019, Detective Harry Gonzales—a detective with the San Antonio Police Department in the Sex Offender Registration Unit—identified Guillory's name from a database for failing to timely register in any jurisdiction. After further investigation, Guillory was arrested and charged with failure to comply with sex offender registration requirements.

After a jury trial, Guillory was found guilty of failing to comply with sex offender registration requirements. Guillory pled true to an enhancement paragraph for a prior conviction. Following the jury's recommendation, the trial court sentenced Guillory to two years in prison. Guillory appeals.

## DISCUSSION

In his sole issue, Guillory contends the evidence is insufficient to support his conviction for failing to comply with sex offender registration requirements. Specifically, Guillory argues there is insufficient evidence showing he is "the same person required to register [as a sex offender] because of a previous reportable conviction or adjudication."

### A. Standard of Review

We review the sufficiency of the evidence to support a conviction under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895

---

[1] A person who receives deferred adjudication community supervision is required to comply with sex offender registration requirements. *See Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012) ("A person is required to register 'with the local law enforcement authority in any municipality where he resides or intends to reside for more than seven days' if he has a 'reportable conviction or adjudication.'") (quoting TEX. CODE CRIM. PROC. ANN. art. 62.051(a)); *see also* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (defining a "[r]eportable conviction or adjudication' [as] a conviction or adjudication, including . . . a deferred adjudication" based on sexual assault of a child).

(Tex. Crim. App. 2010). Under that standard, we view all the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 318–19). The jury is the sole judge of the credibility and weight to be attached to the testimony of the witnesses. *Id*. In this role, the jury may choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). Further, the jury is permitted to draw multiple reasonable inferences from facts as long as each is supported by the evidence presented at trial. *Temple*, 390 S.W.3d at 360. When the record supports conflicting inferences, we presume that the jury resolved those conflicts in favor of the verdict and therefore defer to that determination. *Id*.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, appellate courts are not permitted to use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Instead, appellate courts must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

We measure the evidence by the elements of the offense as defined by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

*B. Applicable Law*

A person commits the offense of failure to comply with registration requirements if he is required to register as a sex offender and fails to comply with any requirement of chapter 62 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). As charged in this case, a person fails to comply with the sex offender registration requirements if (1) he has a reportable conviction or adjudication, (2) he is required to register, (3) he fails to comply with that requirement, and (4) his duty to register has not expired. *See Crabtree v. State*, 389 S.W.3d 820, 824–25 (Tex. Crim. App. 2012); *Hall v. State*, 440 S.W.3d 690, 691 (Tex. App.—Texarkana 2013, pet. ref'd); *see also* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051, 62.102(a). A "[r]eportable conviction or adjudication" includes "a deferred adjudication, that, regardless of the pendency of an appeal," is "based on" the sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A).

*C. Analysis*

Here, Officer Nicholson—an officer with the San Antonio Police Department in the Sex Offender Registration Unit—testified that Guillory had been placed on deferred adjudication for sexually assaulting a child in 1991. The State admitted into evidence the 1992 deferred adjudication order placing Guillory on deferred adjudication in cause number 91-CR-4522 in the 226th District Court, Bexar County, Texas, for sexual assault of a child. Officer Nicholson and Detective Gonzales testified that Guillory's sexual offense is one that requires Guillory to register annually for life. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(6)(A) (defining a "[s]exually violent offense" as an offense for sexual assault of a child if the offense is "committed by a person 17 years of age or older"); *id.* art. 62.101(a)(1) ("[T]he duty to register for a person ends when the person dies if the person has a reportable conviction or adjudication . . . for . . . a sexually violent offense[.]"); *see also McGraw v. C.I.*, 525 S.W.3d 701, 705 (Tex. App.—Beaumont 2017, pet.

denied) ("[T]he law is clear that current successful completion of deferred adjudication for particular offenses[, including sexual assault of a child,] does not relieve an offender of a duty to register under the [Texas sex offender registration program].").[2] Thus, there was evidence that Guillory has a reportable conviction or adjudication requiring annual lifetime registration.[3] *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5)(A), 62.051, 62.101 (requiring annual lifetime registration for reportable convictions or adjudications for sexual assault of a child).

Officer Nicholson testified generally about the process involved with registering a sex offender and testified he was the officer who registered Guillory in 2016. Officer Nicholson identified, and the State admitted into evidence, the following documents utilized in Guillory's 2016 registration: (1) Pre-Release Notification Form for the Texas Sex Offender Registration Program; (2) Sex Offender Verification form; and (3) a Sex Offender Registration Receipt.

The Pre-Release Notification Form identifies Guillory as the person who is subject to register in the sex offender program. The form lists the registering offense as sexual assault of a child and notes Guillory is required to register annually for the remainder of his life. Guillory signed the form and placed his initials next to a list of rules and restrictions associated with his required annual sex offender registration. Specifically, Guillory wrote his initials next to a statement on the form acknowledging that he "must personally appear at [his] primary registration authority and verify [his] registration information annually."

The Sex Offender Verification form also informs Guillory of his lifetime duty to report annually. Above his signature, the form states:

---

[2] We note the State admitted into evidence an order stating Guillory's deferred adjudication was unsatisfactorily terminated.

[3] Guillory asserts he is not responsible for registering as a sex offender while allegedly appealing the underlying sexual assault of a child offense. However, the Texas Code of Criminal Procedure specifically instructs sex offenders to register regardless of any pending appeals. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.001(5), 62.002(b)(1).

**I HAVE BEEN NOTIFIED AND UNDERSTAND I HAVE A DUTY TO REGISTER AS A SEX OFFENDER IN TEXAS. FAILURE TO ABIDE BY THESE REQUIREMENTS COULD SUBJECT ME TO CRIMINAL PROSECUTION, PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE, CHAPTER 62.**

Finally, the Sex Offender Registration Receipt contains Guillory's signature of acknowledgment indicating his 2016 registration was completed and reminding him he must return to register by his date of birth annually.[4]

Officer Nicholson identified Guillory in court by describing Guillory's shirt and stated he knew who he was because he had seen him several times. We are not persuaded by Guillory's assertion on appeal that Officer Nicholson's identification was invalid because the trial court did not verbally comment on the State's notation of the identification for the record. Guillory did not object to Officer Nicholson's identification. Therefore, it was the jury's prerogative to weigh the evidence when deciding whether, from the totality of the circumstances, it was adequately apprised that Officer Nicholson was referring to Guillory when he identified Guillory in court. *See Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex. Crim. App. 1981) ("Although at no time did the prosecutor request that the record be made to reflect that the person referred to in the courtroom was appellant, we conclude from the totality of the circumstances the jury was adequately apprised that the witnesses were referring to appellant."). Officer Nicholson conceded the last time he had seen Guillory was likely during his 2016 registration; however, it was within the jury's province—as the sole judge of the credibility of the witness and the weight to be given his testimony—to consider the effect the passage of time had on Officer Nicholson's testimony of Guillory's identification. *See Temple*, 390 S.W.3d at 360.

---

[4] The receipt notified Guillory of his "08/17/2017" "Return Date[.]"

Furthermore, the jury heard evidence that Guillory's fingerprints taken from his arrest in 1991 are located on a document known as a "drop card." Vincent Villarreal, a fingerprint examiner, compared Guillory's fingerprints taken at the trial with the fingerprints taken from the drop card and concluded the prints belong to the same person. Additionally, the drop card describes Guillory's demographics, including physical characteristics, and identifies Guillory as the defendant who is charged with sexual assault of a child in cause number 91-CR-4522 in the 226th District Court, Bexar County, Texas. This cause number and offense matched the deferred adjudication order that initiated Guillory's obligation to register as a sex offender.

Notwithstanding this evidence, Guillory argues the evidence is insufficient to show that he is the same Guillory as listed in the 1991 deferred adjudication order and subject to sex offender registration. However, identity may be shown by circumstantial evidence and reasonable inferences derived from the evidence. *Adams v. State*, 418 S.W.3d 803, 810 (Tex. App.—Texarkana 2013, pet. ref'd); *Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd).

Despite Guillory's contention his fingerprints were not physically on the deferred adjudication order and noting a difference in the state identification numbers listed on some of the documents in evidence, we conclude—from the totality of the circumstances—the jury could reasonably infer Guillory was the offender in the 1991 deferred adjudication order that subjected him to annual sex offender registration. *See Temple*, 390 S.W.3d at 360; *Rohlfing*, 612 S.W.2d at 601.

Finally, Gonzales testified he ran a computer query on local, state, and national sex offender registration databases and determined Guillory had not registered as a sex offender in other jurisdictions and had not verified his registration as a sex offender in San Antonio in 2019. Gonzales reviewed Guillory's file to ensure there were no paper documents regarding Guillory's

verification that were inadvertently omitted from the local database. Based on his findings, Gonzales testified Guillory "was out of compliance" with his obligation to verify his registration as a sex offender. We hold there was sufficient evidence to support the jury's finding that Guillory failed to follow the sex offender registration requirements in 2019. *Crabtree*, 389 S.W.3d at 824–25; *see also* TEX. CODE CRIM. PROC. ANN. art. 62.102(a).

Reviewing the evidence in the light most favorable to the verdict, the evidence is sufficient to support the jury's determination that Guillory failed to comply with registration requirements of a sex offender under chapter 62 of the Texas Code of Criminal Procedure. *See Temple*, 390 S.W.3d at 360 (citing *Jackson*, 443 U.S. at 318–19).

Accordingly, Guillory's sole issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Irene Rios, Justice

Do not publish