In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00302-CV
_____

STEVEN MCCRAW, Appellant

V.

C.I., Appellee

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-198352

OPINION

In the suit underlying this interlocutory appeal, C.I. seeks declaratory and injunctive relief from efforts by state and local officials to require him to register under the Texas sex offender registration program ("SORP") of Chapter 62 of the Texas Code of Criminal Procedure. *See generally* Tex. Code Crim. Proc. Ann. arts. 62.001–.408 (West 2006 & Supp. 2016). Appellant, Steven McCraw, in his official capacity as the Director of the Texas Department of Public Safety, appeals from an

order of the trial court denying his plea to the jurisdiction. For the reasons set forth below, we affirm the trial court's ruling.

## Background

The facts underlying this case are undisputed. In 1986, C.I. pled guilty to the offense of Indecency with a Child in the Criminal District Court of Jefferson County, Texas. That court accepted the plea, substantiated C.I.'s guilt, and, pursuant to article 42.12 of the Code of Criminal Procedure as it then existed, "defer[red] further proceedings without entering an adjudication of guilt" and "place[d] [C.I.] under [community] Supervision for a period of ten (10) years," subject to various conditions of probation. C.I. successfully completed the full term of his probation, and in 1996, the Criminal District Court entered an order dismissing the case against him. In 2014, the Beaumont Police Department contacted C.I. and notified him, for the first time, that he was required to register as a sex offender. C.I. is listed by the Texas Department of Public Safety (DPS) on the State's sex offender registry as having been convicted of indecency with a child in its online database.

C.I. filed suit against DPS[1], McCraw, the City of Beaumont, and James P. Singletary, Chief of Police for the City of Beaumont, under the Uniform Declaratory Judgment Act ("DJA"), seeking "to determine his rights under the plea agreement

---

[1] C.I subsequently dismissed DPS as a party in his amended pleadings.

into which he entered with the State of Texas, to determine his status in regard to whether or not he was convicted of a felony, and to determine his offender registration status." McCraw, the City of Beaumont, and Singletary each filed pleas to the jurisdiction. After a hearing, the trial court granted the pleas filed by the City of Beaumont and Singletary, but denied the plea by McCraw. McCraw then filed notice of interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2016); *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007) ("a state official may seek interlocutory appellate review from the denial of a jurisdictional plea.").[2]

## Standard of Review

A plea to the jurisdiction is a dilatory plea that challenges a trial court's authority to decide a case on the merits. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). When a plea to the jurisdiction asserts sovereign immunity in a suit against a government official, the claimant bears the burden of pleading sufficient facts to affirmatively demonstrate the court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether the trial court has subject matter jurisdiction is a question of law that we review under a *de*

---

[2] C.I. has not appealed the trial court's ruling regarding the pleas to the jurisdiction of Singletary and the City of Beaumont.

*novo* standard, construing the pleadings liberally in plaintiff's favor and looking to his intent. *See id.* We also review matters of statutory construction *de novo*. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 700 (Tex. 2015).

**Analysis**

In three issues, McCraw argues that: (1) he has not waived sovereign immunity; (2) C.I.'s plea agreement and successful completion of deferred adjudication do not nullify the requirement that C.I. register as a sex offender; and (3) C.I. cannot obtain a declaratory judgment on an issue arising under a penal statute. We will address the issue concerning the applicability of the SORP requirements first, as the resolution of that issue controls the question of sovereign immunity in this matter.

**1.** *Requirement of Registration After Successful Deferred Adjudication*

The Texas legislature first enacted the sex offender registration statutes in 1991. Act of May 26, 1991, 72nd Leg., R.S., ch. 572, §§ 1, 4–5, 1991 Tex. Gen. Laws 2029–32 (originally located at Tex. Rev. Civ. Stat. Ann. art. 6252–13c.1) (amended, codified, and redesignated); *Rodriguez v. State,* 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). At that time, the registration requirements "applie[d] only to a reportable conviction or adjudication [of delinquent conduct] occurring on or after September 1, 1991." Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 1, sec. 1(5),

4

8(a), 1991 Tex. Gen. Laws 2029, 2030. In 1993, the Legislature expanded the definition of "reportable conviction or adjudication" to include deferred adjudications for specific offenses, including indecency with a child, but applied the expanded definition only to offenses "for which an order of deferred adjudication [was] entered by the court on or after September 1, 1993." Act of May 30, 1993, 73rd Leg., R.S., ch. 866, §§ 1, 3(a)(2), 1993 Tex. Gen. Laws 3420–21 (originally located at Tex. Rev. Civ. Stat. Ann. art. 6252–13c.1, §§ 1(5)(E), 8(a)(2)) (amended, codified, and redesignated). Thus, it is undisputed that C.I. had no duty to register under the SORP either at the time of its enactment in 1991, nor at the time that the criminal case against him was dismissed in 1996.

In 1997, the Legislature redesignated the statute as Chapter 62 of the Code of Criminal Procedure, and for the first time, made the registration requirements retroactively applicable to any "reportable conviction or adjudication occurring on or after September 1, 1970 . . . ." Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2260 (originally codified at Tex. Code Crim. Proc. art. 62.11) (repealed 2005). However, that legislation also included an "uncodified 'savings clause'" that limited the retroactive application to individuals who were, as of September 1, 1997, incarcerated in a penal institution or under state supervision. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex. Gen. Laws 2253, 2264;

*Reynolds v. State,* 385 S.W.3d 93, 95–96 (Tex. App.—Waco 2012), *aff'd* 423 S.W.3d 377 (Tex. Crim. App. 2014). That limitation on retroactivity was subsequently eliminated in 2005 when the Legislature repealed article 62.11 and enacted article 62.002, which maintained the language applying the SORP to any "reportable conviction or adjudication occurring on or after September 1, 1970," but did not include the previous savings clause. Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385, 3388, 3410 (codified at Tex. Code Crim. Proc. Ann. art. 62.002(a) (West 2006)); *Reynolds,* 385 S.W.3d at 98.

Similarly, in its current form, Chapter 62 imposes a duty to register upon any person who has "a reportable conviction or adjudication occurring on or after September 1, 1970," and defines a reportable conviction or adjudication as "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on . . . a violation of [s]ection . . . 21.11 (Indecency with a child), . . . Penal Code." Tex. Code Crim. Proc. Ann. art. 62.001(5)(A) (West Supp. 2016), 62.002(a), (b). Thus, the law is clear that current successful completion of deferred adjudication for particular offenses does not relieve an offender of a duty to register under the SORP. However, interpretation of the SORP in its current form, or even its 2005 form, does not end the inquiry, as C.I.'s initial Deferred

6

Adjudication Order was entered in July 1986, and his case was dismissed without adjudication in June 1996. Therefore, determining the status of C.I.'s case for purposes of the SORP requires an analysis of the provisions of the Code of Criminal Procedure under which C.I.'s case was originally probated, then dismissed.

Consistent with the SORP's current registration requirement after deferred adjudication, the Code of Criminal Procedure now expressly prohibits courts from dismissing proceedings against a defendant after the successful completion of a term of community supervision for a charge of indecency with a child. Tex. Code Crim. Proc. Ann. art. 42A.111(b) (West 2017) ("the judge may not dismiss the proceedings and discharge a defendant charged with an offense requiring the defendant to register as a sex offender under Chapter 62.") However, at the time that C.I. was placed on community supervision, the statute in effect provided that:

> On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, *the court shall dismiss the proceedings against the defendant and discharge him. . . . A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense*, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.

Act of May 21, 1985, 69th Legis., R.S., ch. 427, § 1, sec. 3d(c), 1985 Tex. Gen. Laws 1531, 1534 (amended 1999 and recodified 2017) (current version at Tex. Code

7

Crim. Proc. Ann. art. 42A.111(b)) (emphasis added). As of June 1996, when C.I.'s case was dismissed without an adjudication of guilt, the nondiscretionary mandate for a trial court to dismiss and discharge proceedings without "disqualifications or disabilities" remained unchanged.[3] The Legislature did not change the statute to prohibit the dismissal of proceedings involving offenses that were reportable under the SORP until 1999. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 5(a), sec. 5(c), 1999 Tex. Gen. Laws 4831, 4832. Moreover, even when that change was made, it was expressly applicable only to a defendant who received deferred adjudication for such an offense on or after September 1, 1999; a defendant who received deferred adjudication prior to that time was "covered by the law in effect when the defendant received deferred adjudication . . . and the former law [was] continued in effect for that purpose." Act of May 29, 1999, 76th Leg., R.S., ch. 1415, §§ 5(c), 34, 1999 Tex. Gen. Laws 4831, 4833, 4843. Accordingly, under the community supervision statute as it existed in both July 1986 and June 1996, the case against C.I. was dismissed well before the enactment of legislation that would have made the registration requirements retroactively applicable to him had his case

---

[3] In 1995, the Legislature did narrow this provision somewhat to provide limitations on the early discharge of a defendant charged with certain offenses, including indecency with a child; however that change applied only to a defendant charged with an offense after September 1, 1995. *See* Act of May 26, 1995, 74th Leg., R.S., ch. 256, §§ 2, 7(b), 8, 1995 Tex. Gen. Laws 2190, 2191.

not already been dismissed. Therefore, we find that C.I.'s dismissed 1986 case is not a "reportable conviction or adjudication" that would create a duty for him to register under the SORP.

Our conclusion on this issue is consistent with the holding and the reasoning of our sister court in *Hall v. State,* 440 S.W.3d 690, 693 (Tex. App.—Texarkana 2013, pet. ref'd). In *Hall*, an offender whose 1981 conviction had been set aside and the case dismissed in 1988 after Hall successfully completed community supervision under article 42.12 of the Code of Criminal Procedure was subsequently convicted for failing to register under the SORP. *Id.* at 691–92. The Texarkana Court of Appeals reversed the conviction, holding that because Hall's 1981 conviction was set aside and the case dismissed prior to enactment of the sex offender registration requirements, Hall had no duty to register as a sex offender. *Id.* at 693–94.

In finding that the retroactive registration requirements of the SORP did not apply to cases that had been dismissed, the court in *Hall* relied heavily on *Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002). Both *Hall* and *Cuellar* involved dismissals pursuant to the "judicial clemency" provision of section 20(a) of article 42.12, rather than the deferred adjudication provisions of section 5(c) or the previous section 3d(c); however, we note that the Court of Criminal Appeals explicitly found dispositive in *Cuellar* the language in section 20(a) that the result of a dismissed case

9

is that the defendant is to "be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty," calling those words "crystal clear." *Cuellar*, 70 S.W.3d at 819. That language, and the resulting absence of a conviction or adjudication upon dismissal, is identical in both substance and effect to the subdivision under which C.I.'s case was dismissed; therefore, we find that the reasoning is equally applicable and the result analogous. To hold otherwise would illogically provide greater relief to a defendant who successfully completed community supervision *as a result of* a conviction than that available to a defendant who completed community supervision *in lieu of* a conviction. We therefore overrule McCraw's second issue.

### 2. *Sovereign Immunity*

We now turn to McCraw's argument that he is entitled to sovereign immunity in his official capacity, and that he has not waived immunity. Sovereign immunity protects the State from lawsuits for money damages unless the Legislature has expressly waived immunity and consented to suit. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007); *Tex. Nat. Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 853 (Tex. 2002). It also protects government actors in their exercise of official discretion. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154,

10

163 (Tex. 2016). C.I. responds that the DJA waives immunity for challenges to the validity and interpretation of a statute or ordinance.

The DJA is a remedial statute designed "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations…." Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (West 2015). While it is not a general waiver of immunity, it does waive immunity for certain claims. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). Moreover, claims brought under the DJA for declaratory or injunctive relief against actions taken by a governmental official beyond his discretion or without legal authority, termed *ultra vires* actions, do not implicate governmental immunity. *See Houston Belt & Terminal Ry. Co.*, 487 S.W.3d at 163 (noting that the protections of immunity afforded to governmental entities and officials are robust, but not absolute). Suits complaining of such *ultra vires* actions do not implicate sovereign immunity because, as the Texas Supreme Court has explained, they "do not attempt to exert control over the state—they attempt to reassert the control of the state." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). "To fall within this *ultra vires* exception [to the general bar of sovereign immunity], a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely

11

ministerial act." *Id*. Upon successful proof of an *ultra vires* claim, a claimant is entitled to prospective injunctive relief. *Id.* at 376.

McCraw argues that sovereign immunity applies because he was acting in his official capacity pursuant to the authority granted to, and the duty imposed upon, DPS under article 62.005 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 62.005(a) (West Supp. 2016) (requiring DPS to "maintain a computerized central database containing the information required for registration under [the SORP]"). Underpinning this argument is McCraw's interpretation of the SORP to include C.I.'s criminal case as a "reportable conviction" that requires registration as a sex offender regardless of C.I.'s successful completion of deferred adjudication. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(a). However, because we have determined that C.I.'s 1986 case was dismissed without a conviction and that he therefore had no duty to register under the SORP, we find that DPS's reporting of C.I.'s case as a conviction and McCraw's actions seeking to compel C.I. to register were *ultra vires* acts, for which sovereign immunity does not apply to deprive the trial court of jurisdiction. *See In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011) (holding that "a public officer has no discretion or authority to misinterpret the law"). Therefore, we find that C.I. has pleaded sufficient facts that, if proven

12

true, would entitle him to prospective injunctive relief in the trial court. We therefore overrule McCraw's first issue.

### 3. *Characterization of the SORP as a Criminal Statute*

In his third issue, McCraw argues that "[a] declaratory judgment is not available to determine the status, rights or other legal relationships arising under a penal statute." Civil courts generally do not "have jurisdiction to enjoin the enforcement of, or issue a declaratory judgment determining the constitutionality of, [penal statutes]." *State v. Morales*, 869 S.W.2d 941, 942 (Tex. 1994). However, the Texas Court of Criminal Appeals has expressly found that Texas's sex offender registration laws are "civil and remedial, and not criminal or punitive." *Rodriguez*, 93 S.W.3d at 68, 77–79 (holding that the Texas Legislature's intent in enacting the SORP was civil, and that the 1997 amendments were not "so punitive in purpose or effect as to transform what was clearly intended as a civil regulation into a criminal penalty"). This finding regarding the nature of sex offender registration laws is uniform in courts throughout Texas, as well as the United States Supreme Court. *See*, *e.g.*, *Smith v. Doe,* 538 U.S. 84, 90, 105–06 (2003) (finding that Alaska's Sex Offender Registration Act was remedial and non-punitive, and therefore civil, even though an offender's failure to comply with the act could result in criminal prosecution); *Creekmore v. Attorney Gen. of Tex.*, 341 F.Supp.2d 648, 663 (E.D.

13

Tex. 2004) (deeming the SORP a civil statute in deference to legislative intent); *Ex parte Robinson,* 80 S.W.3d 709, 715 (Tex. App.—Houston [1st Dist.] 2002) (finding that the SORP is non-penal because the disability it imposes is not meant to punish, but to accomplish the legitimate governmental purpose of "protecting the public from sex offenses that could be perpetrated by adult and youthful sex offenders"), *aff'd*, 116 S.W.3d 794 (Tex. Crim. App. 2003) (holding that "the 1999 version of the SORP, like the 1997 version, is non-punitive in both intent and effect"); *Dean v. State,* 60 S.W.3d 217, 225 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (holding that the SORP is essentially regulatory even though it has some inherently punitive characteristics). Accordingly, we find that *Morales* does not deprive the trial court of jurisdiction under these facts. *See City of Krum v. Rice*, 508 S.W.3d 808, 818 (Tex. App.—Fort Worth 2016, pet. filed) (finding that the trial court had jurisdiction over offender's request for declaratory and injunctive relief in challenge of city's sex offender residency restrictions ordinance).

Moreover, suggesting that C.I.'s only remedy at law is to wait until he is arrested and prosecuted for failing to register before he can assert his claims ignores that C.I.'s petition alleged, and McCraw has not disputed, that DPS's online public records reflect the disposition of C.I.'s dismissed 1986 case as a conviction, and C.I. has sought injunctive relief to compel McCraw to reform the records to reflect the

14

proper disposition of that case.[4] Thus, C.I. has sought relief from the trial court that is wholly unrelated to potential criminal enforcement of the SORP registration requirement.

For these reasons, we overrule McCraw's third issue.

## Conclusion

Because we find that C.I. has pled a facially valid claim that McCraw was acting without legal authority, *ultra vires*, by reporting C.I.'s 1986 criminal case as a conviction and by seeking to require C.I. to register as a sex offender, we conclude that the trial court did not err in denying McCraw's plea to the jurisdiction.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 19, 2017
Opinion Delivered August 3, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[4] Although the record before us contains no evidence that DPS's records do, in fact, identify the disposition of C.I.'s 1986 case as a conviction rather than dismissal, we accept the undisputed allegation as true for purposes of C.I.'s pleadings of jurisdictional facts.

DISSENTING OPINION

I respectfully disagree with the majority. In my opinion, the trial court erred in denying the plea to the jurisdiction.

When a party files an interlocutory appeal of a trial court's ruling on a plea to the jurisdiction, the appeals court "may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). When the plea to the jurisdiction presents a challenge to the sufficiency of the plaintiff's pleadings, we are required to determine whether the plaintiff's pleadings allege "facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). To do so, we construe the pleadings in the plaintiff's favor and look to the plaintiff's intent. *See Brown*, 80 S.W.3d at 555.

According to C.I., he is currently registered as a sex offender. And, based on the record before us, this interlocutory appeal does not involve the review of an administrative decision by the DPS. Additionally, this case does not involve an appeal from a criminal proceeding. Rather, this is an interlocutory appeal of the trial court's ruling on a plea to the jurisdiction.

1

In the underlying civil suit, C.I. describes his claims in his First Amended Petition as a "declaratory judgment" and request for "injunctive relief," claiming the requirement that he register as a sex offender constitutes a breach of his plea agreement. He alleges that the State of Texas has imposed sex offender registration requirements and demanded "specific performance based on the contract for something that was not contracted to." At no point in the First Amended Petition does C.I. assert an ultra vires claim against McCraw. C.I. merely requests declaratory relief and injunctive relief as to his rights and obligations under the plea agreement, and he asks the trial court to declare that he is not required to register as an offender. C.I. does not make a constitutional challenge to the statute, nor does he challenge the validity of the statute.

"'Reportable conviction or adjudication' means a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on: . . . a violation of Section . . . 21.11 (Indecency with a child)[.]" Tex. Code Crim. Proc. Ann. art. 62.001(5)(A) (West Supp. 2016). In 1993, the SORP was amended to specifically include "a deferred adjudication" in the definition of "reportable conviction or adjudication[.]" *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 866, § 1, 1993 Tex. Gen. Laws 3420, 3420. However, the Legislature in 1993

2

expressly provided that the article applied only to reportable convictions or adjudications that occurred on or after September 1, 1991, and to an order of deferred adjudication entered on or after September 1, 1993. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 866, § 3, 1993 Tex. Gen. Laws 3420, 3420-21. Under the law as amended in 2005, the Legislature expressly provided that the statute applies to individuals with reportable convictions or adjudications that occurred on or after September 1, 1970. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.002, 2005 Tex. Gen. Laws 3385, 3388 (current version at Tex. Code Crim. Proc. Ann. art. 62.002 (West 2006)) (this chapter applies to a reportable conviction or adjudication occurring on or after September 1, 1970); Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 4.01(a), 2005 Tex. Gen. Laws 3385, 3422 (providing that the changes to Chapter 62 apply to offenses committed or engaged in before, on, or after the effective date of the Act). In my opinion, the SORP registration requirements apply to C.I. because he has a "reportable conviction or adjudication" that occurred on or after September 1, 1970.

As a general rule, a party may not obtain a judicial construction of a penal law through a declaratory judgment action. *Ryan v. Rosenthal*, 314 S.W.3d 136, 141 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex. 1969) ("'It is well settled that courts of

equity will not interfere with the ordinary enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights.'")); *see State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994) ("A civil court simply has no jurisdiction to render naked declarations of 'rights, status or other legal relationships arising under a penal statute.'"). Similarly, to the extent C.I. is requesting that the 136th Judicial District Court declare C.I.'s rights or obligations under his criminal plea agreement, I conclude that the trial court lacked jurisdiction to do so. I also note that even if C.I.'s plea agreement was analyzed under basic contractual principles, he could not seek to enforce the agreement or have the trial court construe the terms of the agreement against McCraw or the DPS because neither of them were parties to the agreement.

It is now well settled that sex offender registration programs like Chapter 62 are civil and remedial in nature, and may be applied retroactively to sex offenders. *See Smith v. Doe*, 538 U.S. 84, 93, 105-06 (2003) (upholding Alaska's retroactive application of sex offender registration requirements); *Reynolds v. State*, 423 S.W.3d 377, 382 (Tex. Crim. App. 2014) ("The plain meaning of [the 2005 amendments] is simply that the amendments to the law apply to those with a reportable conviction [or adjudication] that occurred on or after September 1, 1970[.]" The savings clause language present in the earlier statutes was deleted by the Legislature.); *Rodriguez*

4

*v. State*, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002) (rejecting ex post facto challenges to the SORP statute, and upholding the constitutionality of the 1997 amendments to sex-offender registration statute because they were civil and remedial in nature, and not so punitive as to categorize them as penal in nature); *Reynolds v. State*, 385 S.W.3d 93, 100 (Tex. App.—Waco 2012), *aff'd*, 423 S.W.3d 377 (Tex. Crim. App. 2014) ("The 2005 amendments to the registration statute were enacted specifically to address concerns that, because the registration program had been amended numerous times since its enactment, it had become cumbersome and difficult to manage. See Op. Tex. Att'y Gen. No. GA-0454. Reorganizing and amending chapter 62 to make it more easily understood by persons required to administer it would then presumably further the registration program's original purpose—to promote public safety."); *Ex parte Robinson*, 116 S.W.3d 794, 798 (Tex. Crim. App. 2003) ("[T]he 1999 version of the [sex offender registration program], like the 1997 version, is non-punitive in both intent and effect[]"); *Hernandez v. State*, No. 04-04-00020-CR, 2004 Tex. App. LEXIS 4907, at *3 (Tex. App.—San Antonio June 2, 2004, no pet.) (mem. op.) ("Chapter 62 of the Code of Criminal Procedure is essentially regulatory in nature, not punitive"); *see also* Tex. Att'y Gen. Op. GA-1077 (Aug. 18, 2014) (concluding that a defendant who pleaded guilty in 1986 to indecency with a child by contact under section 21.11, received a sentence of two years deferred

adjudication, and then obtained an early termination thereof from the trial court, would still be required to register as a sex offender because by its "plain language[]" the legislature has made it applicable to the occurrence of a "reportable conviction or adjudication" that occurred on or after September 1, 1970; explaining that while the legislature has allowed the discharge made under deferred adjudication to "erase a conviction for purposes of other laws, it did not intend the same effect for a deferred adjudication[]"); Tex. Att'y Gen. Op. No. GA-0454 (Sept. 13, 2006) ("In our opinion, the legislature's adoption of House Bill 867 in 2005 repealed the 1997 savings clause. . . . While the legislature may have hesitated in 1995 and 1997 to apply a sex offender registration provision retroactively, the courts have determined since then that the retroactive application of such provisions does not violate the ex post facto clause.").

I find *Cuellar v. State*, 70 S.W.3d 815, 819 (Tex. Crim. App. 2002), and *Hall v. State*, 440 S.W.3d 690, 693 (Tex. App.—Texarkana 2013, pet. ref'd), to be distinguishable. Both *Cuellar* and *Hall* involved the direct appeal of a criminal conviction, and involved underlying dismissals pursuant to the "judicial clemency" provision of section 20(a) of former article 42.12. *See Cuellar*, 70 S.W.3d at 820; *Hall*, 440 S.W.3d at 694. As noted by the Court of Criminal Appeals in *Cuellar*, the vast majority of felony probation sentences that are completed do not involve

"judicial clemency." *Id.* at 818. C.I.'s dismissal did not involve judicial clemency. Rather, C.I. merely obtained a dismissal after the successful completion of the terms of his community supervision.[1]

I also conclude that C.I.'s pleading fails to assert a viable claim against McCraw for which sovereign immunity has been waived. Where no claim is made that the regulation being challenged is invalid, the Declaratory Judgments Act does not waive governmental immunity to allow a party to obtain a trial court's interpretation of otherwise valid statutes or ordinances. *See Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (stating that the Declaratory Judgments Act does not waive immunity "when the plaintiff seeks a declaration of his or her rights under a statute or other law[]"). While the Texas Supreme Court allowed a party to obtain an interpretation of a statute in *Texas Education Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994), after deciding *Leeper*, the Texas Supreme Court subsequently clarified that the Declaratory Judgments Act does not operate as a waiver for claims seeking a court's interpretation of a statute unless the plaintiff has

---

[1] As noted in *Cuellar v. State*, a felon who successfully completes community supervision and obtains a discharge has still been convicted of a felony. 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). The Legislature has now expressly provided that the "judicial clemency" provision would not apply to a defendant like C.I. who has a reportable conviction or adjudication of an offense for which sex registration is required under Chapter 62. *See id.* at 819.

7

challenged the validity of the statute. *See Sefzik*, 355 S.W.3d at 622. Because C.I. has not challenged the validity of the SORP statute, the Declaratory Judgments Act cannot be used as the source of the waiver the law requires to vest the trial court with the subject-matter jurisdiction it needs to hear the claims. *See Porter v. Montgomery County*, No. 09-15-00459-CV, 2017 Tex. App. LEXIS 1355, at *9-10 (Tex. App.— Beaumont Feb. 16, 2017). This case does not fall within the ultra vires exception outlined in *Heinrich*.[2] There is no need to allow the plaintiff an opportunity to amend. *See Miranda*, 133 S.W.3d at 227.

Therefore, I would hold that the trial court erred in denying the plea to the jurisdiction and I would reverse and render judgment for McCraw.

_____
LEANNE JOHNSON
Justice

Submitted on January 19, 2017
Dissent Delivered August 3, 2017

---

[2] *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009).