

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-22-00237-CR |
| EX PARTE: | § | Appeal from the |
| JASON JONES | § | 171st Judicial District Court |
| | § | of El Paso County, Texas |
| | § | Cause No. 970D08935-171-1 |

## CONCURRING OPINION

I write separately from the Court to address the issue driving Jones's appeal: that is, a purported obligation to register as a sex offender for the remainder of his life. And this supposed obligation is imposed regardless of his long ago discharge from deferred adjudication community supervision, and formal dismissal of the underlying criminal charge without a conviction or adjudication. Because I have serious doubts about this understanding, I follow two recent precedents of this Court in writing a concurring opinion after otherwise writing for the Court. *See Hudspeth Cnty. v. Ramirez*, 657 S.W.3d 103 (Tex. App.—El Paso 2022, no pet.) (Rodriguez, C.J., for majority and concurring); *El Paso Tool & Die Co. v. Mendez*, 593 S.W.3d 800 (Tex. App.—El Paso 2019, no pet.) (Alley, J., for majority and concurring).

Because the doctrine of laches bars Jones from challenging his plea of guilty on the grounds asserted, I agree he is not entitled to vacate or set aside the 1998 judgment that placed him on

deferred adjudication community supervision for a period of eight years, which he successfully completed in 2006. Yet, for me, the notion that he is required to register for the remainder of his life unattached from any pending deferred adjudication is questionable on its face. What needs further consideration is the effect of the 2006 dismissal order upon this purported registration requirement. Given the lack of an adjudication against Jones, and an ultimate dismissal of the underlying charge brought against him, I am not convinced there exists a legal basis for its support. Resolving that question, however, requires an examination of the relevant statutes in effect both when Jones was initially placed on deferred adjudication community supervision, and when he was later discharged from supervision and his case dismissed without conviction or adjudication.

Such an examination would necessarily begin with a review of the Sex Offender Registry Program (SORP), and further include statutes pertaining to deferred adjudication community supervision. To begin, the Texas Legislature first enacted the sex offender registration statutes in 1991. Act of May 26, 1991, 72nd Leg., R.S., ch. 572, §§ 1, 4–5, 1991 Tex. Gen. Laws 2029–30, 2032 (amended, codified, and redesignated); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002). When originally enacted, the registration requirements "applied only to a reportable conviction or adjudication [of delinquent conduct] occurring on or after September 1, 1991." Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 1, secs. 1(5), 8(a), 1991 Tex. Gen. Laws 2029, 2030. And, two years later, in 1993, the Legislature expanded the definition of "reportable conviction or adjudication" to include deferred adjudications for specific offenses, including indecency with a child, and the expanded definition applied to offenses "for which an order of deferred adjudication [was] entered by the court on or after September 1, 1993." Act of May 30, 1993, 73rd Leg., R.S., ch. 866, § 1, sec. 1(5)(E), §§ 3, 8(a)(2), 1993 Tex. Gen. Laws 3420–21 (amended, codified, and redesignated). Finally, in 1997, the Legislature made the registration requirements retroactively

2

applicable to "any reportable conviction or adjudication occurring on or after September 1, 1970." Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1(5)(H), 8, 1997 Tex. Gen. Laws 2253, 2260.

In current form and relevant here, Chapter 62 imposes a duty to register upon any person who has "a reportable conviction or adjudication occurring on or after September 1, 1970;" and, in this context, a "[r]eportable conviction or adjudication" is defined as "a conviction or adjudication, including an adjudication of delinquent conduct or a deferred adjudication, that, regardless of the pendency of an appeal, is a conviction for or an adjudication for or based on . . . a violation of [s]ection . . . 21.11 (Indecency with a child), . . . Penal Code." TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A), 62.002(a), (b); *Ex parte Lane*, 670 S.W.3d 662, 678 (Tex. Crim. App. 2023); *McCraw v. C.I.*, 525 S.W.3d 701, 705 (Tex. App.—Beaumont 2017). The Court of Criminal Appeals addressed the legislative purpose underlying the registration program in *Rodriguez*, 93 S.W.3d at 79. There, the Court observed that the program was enacted by the Legislature to promote public safety. *Id*. Ultimately, *Rodriguez* held the program was "civil and remedial," not criminal or punitive. *Id*. at 69.

In my view, a duty to register was imposed on a defendant placed on deferred adjudication for a qualifying offense at least as of September 1, 1993. As Jones was so counseled by his attorney, he was required to register under SORP when he was ordered to complete eight years of deferred adjudication community supervision in March 1998. Jones complied with the registration requirement as shown by his signed DPS form in our record. Because the charge against Jones was dismissed in 2006, however, I would further suggest it remains necessary to consider the effect of this dismissal, based on the relevant deferred adjudication statutes, to determine whether an obligation of registration continued long after that date.

Looking first to the dismissal of a deferred adjudication as the statute appeared when Jones entered into a plea bargain with the State, it provided in relevant part:

> On expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt, *the court shall dismiss the proceedings against the defendant and discharge him. . . . A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense*, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.

Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, sec. 3d(c), 1985 Tex. Gen. Laws 1531, 1534 (amended 1999 and recodified 2017) (current version at TEX. CODE CRIM. PROC. ANN. art. 42A.111(b)) (emphasis added). Upon expiration of a community supervision term, if a trial court had not earlier proceeded to an adjudication of guilt, the mandatory language of this provision imposed a duty upon a trial court to dismiss the underlying criminal charge. Moreover, for purposes of "disqualifications or disabilities imposed by law for conviction of an offense," the statute in effect at the time when Jones was placed on deferred adjudication provided that a dismissal and discharge could not be deemed a conviction for the purpose of imposing disqualifications or disabilities required by law. *See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, sec. 3d(c), 1985 Tex. Gen. Laws 1531, 1534.

I would further note that it appears at first blush that the Legislature did not change the predecessor to current Article 42A.111(b), until after Jones had already entered his plea agreement with the State. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 5(a), sec. 5(c), 1999 Tex. Gen. Laws 4831, 4832. Notably, the later revision prohibited the dismissal of proceedings involving offenses reportable under the SORP. *See* Act of May 29, 1999, 76th Leg., R.S., ch. 1415, § 5(a), sec. 5(c), 1999 Tex. Gen. Laws 4831, 4832. And even when that change went into effect, it was made expressly applicable only to a defendant who received deferred adjudication for an offense

4

occurring *on or after* September 1, 1999. Act of May 29, 1999, 76th Leg., R.S., ch. 1415, §§ 5(c), 34, 1999 Tex. Gen. Laws 4831, 4833, 4843. As a result, a defendant like Jones who received deferred adjudication prior to September 1, 1999, was "covered by the law in effect when the defendant received deferred adjudication . . . and the former law [was] continued in effect for that purpose." Act of May 29, 1999, 76th Leg., R.S., ch. 1415, §§ 5(c), 34, 1999 Tex. Gen. Laws 4831, 4833, 4843. In sum, under the deferred adjudication statutes applicable to Jones, it remained mandatory for a trial court to dismiss all proceedings against a defendant, and in doing so, the dismissal and discharge could not be deemed a conviction for the purposes of any disqualifications or disabilities imposed by law.

Here, the record shows—after successful completion of community supervision by Jones—the trial court rendered such order discharging him from deferred adjudication community supervision imposed under former Article 42.12, Section 5(a), and it also dismissed the criminal proceeding initiated against him. At the time, former Article 42.12, Section 5(c) imposed a mandatory requirement on a trial court to dismiss all proceedings against a defendant "[o]n expiration of a probationary period imposed under Subsection (a) of this section, if the court has not proceeded to adjudication of guilt[.]" *Id*. And this applicable provision expressly decreed that:

> [a] dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense, except that upon conviction of a subsequent offense, the fact that the defendant had previously received probation shall be admissible before the court or jury to be considered on the issue of penalty.

*See* Act of May 21, 1985, 69th Leg., R.S., ch. 427, § 1, sec. 3d(c), 1985 Tex. Gen. Laws 1531, 1534.

Reviewing Jones's 2006 order of discharge and dismissal under the former version of Article 42.12, Section 5(c), as was in effect, it would seem to me that his case falls under the former

5

requirements, not those applying after September 1, 1999. Moreover, the State has not challenged the validity of the 2006 order. The record establishes, then, that Jones was discharged from the 1998 judgment of deferred adjudication—without an adjudication of guilt—and his case was dismissed. Further, it follows from that disposition that Jones may *not* be deemed as having a conviction for purposes of disqualifications or disabilities imposed by law, nor can it currently be said that he "has" a deferred adjudication of a qualifying offense. *Cf. Lane*, 670 S.W.3d at 675 (providing that any person who "has" a conviction for a qualifying offense is obligated to register under TEX. CODE CRIM. PROC. ANN. art. 62.001(5), and a discretionary order setting aside the conviction, such as a judicial clemency order, does not alter the requirement).

In sum, because Jones is no longer subject to an order of deferred adjudication, and because the trial court dismissed his case without proceeding to an adjudication of guilt, I am not convinced there remains a legal basis to support an ongoing obligation to register for a dismissed, unadjudicated case of the era of Jones's case. Indeed, no order requiring a lifetime obligation is seemingly included in the record of this case. Yet, according to Jones, authorities of DPS or other officials appear to be asserting such requirement exists. My attention is thus drawn to a somewhat similar case from our sister court of appeals which may be substantively analogous though not procedurally the same. In that case, a complaint about a purported lifetime registration requirement was challenged through the means of a civil action where an individual sought declaratory and injunctive relief from efforts by state and local officials who were requiring him to register under SORP. *See McCraw*, 525 S.W.3d at 70; *see also Rodriguez*, 93 S.W.3d at 69 (determining a penalty of that nature would be considered "civil and remedial," not criminal or punitive). In *McCraw*, the Beaumont Court of Appeals held the individual pleaded a facially valid claim of *ultra vires* actions and denied the officials' plea to the jurisdiction. *Id.* at 708. Thus, even though I agree that habeas

relief to set aside Jones's 1998 plea is barred by laches, I remain unconvinced about the correctness of an ongoing registration requirement that is, in any event, a civil and remedial penalty, and not one that is criminal and punitive. For all these reasons, I write this separate concurrence.

GINA M. PALAFOX, Justice

September 1, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)