COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS



| | | |
|---|---|---|
| CITY OF EL PASO, TEXAS | § | No. 08-24-00144-CV |
| Appellant, | § | Appeal from the |
| v. | | 384th District Court |
| R.K., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019DCV4173) |
| | § | |

## MEMORANDUM OPINION

Appellee R.K. sued Appellant City of El Paso (the City), among other defendants,[1] seeking declaratory and injunctive relief from being required to register as a sex offender under Texas Code of Criminal Procedure Chapter 62 (CCP Chapter 62). The City appeals from the trial court's order denying its plea to the jurisdiction. We affirm in part and reverse in part.

## I. BACKGROUND

### A. Factual background

On June 21, 1993, R.K. pleaded guilty to sexual assault of a child. The court accepted the plea, and, pursuant to Article 42.12 of the Texas Code of Criminal Procedure as it then existed, "defer[red] further proceedings without entering an adjudication of guilt" and "placed [R.K.] on probation for a period of five (5) years," subject to various conditions of probation. On October

---

[1] The other defendants were the Texas Department of Public Safety; Steve McCraw, Director of the Texas Department of Public Safety; City of El Paso, Texas, Mayor Dee Margo; Tony Ruvalcaba, Police Officer for the El Paso Police Department; and Gregg Allen, Police Chief for the El Paso Police Department.

13, 1995, R.K. was discharged from probation and the criminal case was dismissed. On October 24, 2019, almost 25 years later, City police officer Tony Ruvalcaba allegedly asked R.K. to sign a document that R.K. believed would require him to register as a sex offender. R.K. refused to sign it. Ruvalcaba then allegedly told R.K. that if he did not report to the police station and register as a sex offender on October 29, 2019, Ruvalcaba would report him for refusing to do so.

It is undisputed that at the time R.K.'s criminal case was dismissed in 1995, he was not required to register as a sex offender as a dismissal following a deferred adjudication order was not then deemed a conviction. However, CCP Chapter 62 currently provides that a guilty plea to sexual assault of a child is a "reportable conviction" for which the defendant must register as a sex offender regardless of whether the case is dismissed following a deferred adjudication order. Tex. Code Crim. Proc. Ann. art. 62.051, § (a); art. 62.001, § (5). Further, CCP Chapter 62 provides that this registration requirement applies retroactively to reportable convictions and adjudications occurring on or after September 1, 1970. *Id*. art. 62.002.

### B. Procedural background

R.K. filed this suit on October 28, 2019, seeking declaratory relief under Texas Civil Practice & Remedies Code Chapter 37 (CPRC Chapter 37). More specifically, R.K. seeks declarations to determine his rights under the plea agreement he signed in 1993; to determine whether he is a convicted felon; to determine whether his right to substantive due process of law has been violated by requiring him to register as a sex offender; and to determine whether he must register as a sex offender. R.K. further seeks declarations that "[his] successful discharge and dismissal restored his rights by operation of law"; that "by successfully completing the terms of the deferred adjudication probation term and successfully obtaining a dismissal of his case, [he] contractually fulfilled his required performance under the plea bargain agreement"; that "the State's demand for specific performance of action not contemplated by the contract is unlawful";

2

and that "allowing the State to force [him] to register as a sex offender will violate [his] right to substantive due process under the Fourteenth Amendment." R.K.'s pleading further states that he "complains of the Texas Legislature's decision to retroactively make a 'deferred adjudication' a reportable conviction in cases like his where the defendant has been discharged from probation and his case dismissed."

In addition, R.K. seeks injunctive relief under Texas Civil Practice & Remedies Code Chapter 65. Such relief is warranted, he asserts, because if he is forced to register as a sex offender, or should fail or refuse to do so, he will be reported to the Texas Board of Nursing, which will suspend or revoke his Family Nurse Practitioner license thereby causing him immediate and irreparable harm. Further, R.K. asserts that temporary relief is proper because he is likely to succeed on the merits based on a case involving similar facts: *McCraw v. C.I.*, 525 S.W.3d 701, 704 (Tex. App.—Beaumont 2017, pet. denied). Accordingly, R.K. asks that all defendants be temporarily and permanently "enjoin[ed] . . . from forcing [him] to register as a sex offender"; and that the director of the Texas Department of Public Safety be "order[ed] . . . to correct the error in R.K.'s records, which currently list his dismissed case as a 'reportable conviction.'"

On the same day R.K.'s petition was filed, the trial court entered a temporary restraining order prohibiting all defendants from "obtaining a warrant for R.K.'s arrest for non-compliance with the Texas sex offender registration laws"; "taking any action against R.K. to force R.K. to register as a sex offender"; and "taking any action to report R.K.'s compliance or non-compliance with the sex offender registration laws to the Texas Board of Nursing." The temporary restraining order was extended by an agreed order "for a period of up to 14 additional days" from November 8, 2019.[2]

_____

[2] At a September 20, 2023 hearing on the amended plea to the jurisdiction, the City's attorney suggested that an ongoing injunction was in place: "In this particular case, we wouldn't be able to enforce [the sex offender registration

A combined plea to the jurisdiction, original answer, and motion to dissolve temporary restraining order was filed on behalf of Defendants Dee Margo, Tony Ruvalcaba, Gregg Allen, and the City. An amended plea to the jurisdiction was later filed, asserting that "[a] declaratory judgment is not available to circumvent a government's sovereign immunity," and that no privity of contract exists between R.K. and the City, Margo, Allen, or Ruvalcaba.

The trial court held a hearing on the amended plea to the jurisdiction and subsequently signed an order denying it. The City filed an interlocutory notice of appeal pursuant to Texas Civil Practice & Remedies Code § 51.014(a)(8).[3]

## II. ISSUES ON APPEAL

The City raises two issues on appeal, arguing the trial court erred by (1) "denying the Appellant's Plea to the Jurisdiction challenging the [c]ourt's [s]ubject matter jurisdiction based on Appellant's assertion of governmental and official immunity from suit and liability from declaratory and injunctive relief"; and (2) "denying the Appellant's Plea to the Jurisdiction challenging the [c]ourt's [s]ubject matter jurisdiction based on the Appellant's assertion that no privity of contract exists with Appellants and Appellee."

---

requirement] because of the TRO that's in place for the State of Texas, regardless."

[3] While the Appellant's Brief makes arguments on behalf of Defendants Margo, Allen, and Ruvalcaba, the sole notice of appeal names only the City as an appellant. Accordingly, we conclude that only the City has perfected an appeal. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *id*. 25.1(d)(5) ("The notice of appeal must: . . . state the name of each party filing the notice[.]"); *see also Brumfield v. Williamson*, 634 S.W.3d 170, 192 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) ("Because [certain] appellants did not file the [original] notice of appeal, it cannot be characterized as a premature effort or a bona fide attempt by them to invoke . . . appellate jurisdiction."); *In re Estate of Curtis*, 465 S.W.3d 357, 366 (Tex. App.—Texarkana 2015, pet. dism'd) (appellant not named in original notice of appeal could not rely on it to argue it had made "a bona fide attempt to invoke appellate jurisdiction"); *Crofton v. Amoco Chem. Co*., No. 01-01-00526-CV, 2003 WL 21297588, at *3 (Tex. App.—Houston [1st Dist.] May 30, 2003, pet. denied) (mem. op.) ("Although appellants' counsel has represented . . . that Coy Wilson's name was 'inadvertently omitted or mistakenly omitted' from the original notice of appeal, we do not consider this omission a 'clerical defect' susceptible to correction by amendment."); *cf. City of Houston v. Little Nell Apartments, L.P*., 424 S.W.3d 640, 645 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (holding that appellate jurisdiction existed over appeal by city official even though official was not named in original notice of appeal, where amended notice of appeal naming official was filed before joint appellate brief was filed by official and city).

4

## III. STANDARD OF REVIEW

As a political subdivision of the state, a city is "immune from suit unless [its]immunity is waived." *City of Austin v. Powell*, 704 S.W.3d 437, 448 (Tex. 2024) (citing *City of San Antonio v. Maspero*, 640 S.W.3d 523, 529 (Tex. 2022)).[4] Such immunity generally bars CPRC Chapter 37 declaratory judgment suits. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011). Such immunity similarly generally bars injunctive relief. *Id*. at 619–620 ("In *City of El Paso v. Heinrich*, we dismissed claims seeking declaratory and injunctive relief against governmental entities as barred by sovereign immunity. 284 S.W.3d 366, 380 (Tex. 2009)"). But while a plaintiff thus cannot sue a governmental entity under CPRC Chapter 37 seeking, for example, a "declaration of his or her rights under a statute or other law," *id.* at 621, Chapter 37 expressly waives such an entity's immunity in certain cases, for example, where the plaintiff "challenges the validity of a statute." *Id*. at 622.

Immunity may be asserted by a governmental entity in a plea to the jurisdiction. *Tex. Health & Hum. Services Comm'n v. Pope*, 674 S.W.3d 273, 280 (Tex. 2023). In responding to such a plea, the plaintiff "bears the burden of affirmatively showing waiver of immunity." *Powell*, 704 S.W.3d at 447 (citing *Maspero*, 640 S.W.3d at 528). There is "a presumption against any waiver until the plaintiff establishes otherwise." *Id.* (citing *Rattray v. City of Brownsville*, 662 S.W.3d 860, 866 (Tex. 2023)). Accordingly, a plaintiff survives such a plea only by showing that a statute "clearly and affirmatively waive[s] immunity" and "negating any provisions that create exceptions to, and

---

[4] While "sovereign immunity" protects the State and its agencies, and "governmental immunity" protects the State's political subdivisions, such as counties, cities, and school districts, *Gulf Coast Ctr. v. Curry*, 658 S.W.3d 281, 284 (Tex. 2022), the terms are often used interchangeably. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 (Tex. 2003); *see also Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 741 (Tex. 2019) (noting that governmental immunity is an "extension of sovereign immunity . . . ."). And as we have noted, there is no "substantive distinction between sovereign immunity and governmental immunity, other than the fact that sovereign immunity protects the state and state agencies, while governmental immunity provides 'similar protection' to political subdivisions." *Tex. Dep't of Family & Protective Servs. v. Parra*, 503 S.W.3d 646, 660 (Tex. App.—El Paso 2016, pet. denied) (citing *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011)).

thus withdraw, that waiver." *Id.* (citing *Rattray*,662 S.W. 3d at 867).

One way a governmental entity may assert its immunity is to "challenge[] the pleadings." *Id*. (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).[5] In such cases, the governmental entity "does not dispute the plaintiff's factual allegations, and evidence is irrelevant"; the question is whether the facts alleged "affirmatively demonstrate a trial court's subject matter jurisdiction." *Id*. That is "a question of law reviewed *de novo*." *Id.* If the plaintiff's allegations neither establish nor negate jurisdiction, it should be given an opportunity to amend its pleadings; but if the plaintiff's allegations negate jurisdiction, it cannot establish jurisdiction, and the court must grant the plea. *Id.* We view the allegations in the plaintiff's pleading in the light most favorable to the plaintiff. *Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020).

## IV. DISCUSSION

### A. Validity or constitutionality of sex offender registration requirement

The City argues it is a "governmental entity that has governmental immunity from liability and suit," and that CPRC Chapter 37 "does not waive [such] immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law," citing *Sefzik*, 355 S.W.3d at 621. And while the City concedes that Chapter 37 does waive such immunity "in particular cases," for example, when the plaintiff "challenges the validity of a statute," the City maintains that R.K. "does not challenge the validity or constitutionality of the statute requiring him to register as a sex offender," and instead merely seeks "to determine his rights under it."

---

[5] Alternatively, a governmental entity may assert its immunity by "challeng[ing] the existence of jurisdictional facts," thereby requiring the trial court to "consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *City of Austin v. Powell*, 704 S.W.3d 437, 447 (Tex. 2024) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 22 (Tex. 2004)). Here, while the City asserts that its plea "challenges the existence of jurisdictional facts with supporting evidence," neither the plea nor the City's brief on appeal points to any such evidence.

In turn, R.K. argues that CPRC Chapter 37 "waives sovereign immunity for challenges to the validity and interpretation of a statute or ordinance," citing Tex. Civ. Prac. & Rem. Code § 37.006(b); *City of Dallas v. Albert*, 354 S.W.3d 368, 378 (Tex. 2011); and *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). While R.K.'s appellate brief stops here, without identifying or discussing any such challenge, his petition states that he "complains of the Texas Legislature's decision to retroactively make a 'deferred adjudication' a reportable conviction in cases like his where the defendant has been discharged from probation and his case dismissed."[6] The City does not address this complaint in its plea or on appeal, disputing neither that CCP Chapter 62 contains a retroactive provision, nor that this provision applies retroactively to R.K. Nor does the City defend the statute as being constitutional despite applying retroactively. Nor are complaints about retroactive statutes necessarily non-cognizable. *See Hogan v. S. Methodist Univ.*, 688 S.W.3d 852, 860 (Tex. 2024) ("Constitutional retroactivity bars exist to 'protect[] the people's reasonable, settled expectations.'") (citing *Robinson v. Crown Cork & Seal Co., Inc.*, 335 S.W.3d 126, 139 (Tex. 2010)); *see also Robinson*, 335 S.W.3d at 145 ("No bright-line test for unconstitutional retroactivity is possible. Rather, in determining whether a statute violates the prohibition against retroactive laws in article I, section 16 of the Texas Constitution, courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment.").

We conclude that R.K.'s petition, viewed in the light most favorable to him under Texas's

---

[6] The petition further states that R.K. "brings this action . . . to determine whether the State has violated his right to substantive due process of law by requiring him to register as a sex offender." However, it is unclear whether this sentence refers to the requirement to register imposed by CCP Chapter 62 or Rubalcaba's efforts to require R.K. to register. Viewing R.K.'s pleading in the light most favorable to him, as we must, *see Tex. Dep't of Criminal Justice v. Rangel*, 595 S.W.3d 198, 208 (Tex. 2020), we construe this sentence to encompass both readings.

notice-pleading standard,[7] suffices to avoid dismissal of a challenge to the validity or constitutionality of CCP Chapter 62's retroactive sex offender registration requirement and related requests for injunctive relief.[8] Accordingly, we overrule the City's Issue One as to R.K.'s complaint regarding the validity or constitutionality of CCP Chapter 62.[9]

## B. Determination of contract rights under plea agreement

The City argues that the trial court erred in denying its plea to the jurisdiction because "no privity of contract exists," i.e., the contract at issue is "between the State of Texas by way of the El Paso County District Attorney's Office and R.K.," not the City and its officials. In turn, R.K. argues that "the State of Texas has violated and breached his plea agreement," and "its agents"—presumably referring to all defendants—are implicated in such conduct:

> R.K. is asking the trial court to recognize that a plea bargain agreement is a contract, he completed his performance under the contract and his case was dismissed. R.K's obligation ended upon completion of the contract. The State of Texas and its agents are seeking that he register, and demanding his performance, that only arises from a contract has since been completed and terminated for over twenty years.

Neither party cites any authority addressing which governmental entities and officials might be bound or not bound by a plea agreement made by a state prosecutor. We need not resolve this issue, however, because R.K.'s petition asserts no breach-of-contract claim. Instead, R.K. seeks a declaration of his rights under his plea agreement, a type of claim for which CPRC Chapter 37 does not waive immunity. *See Sefzik*, 355 S.W.3d at 621 (plaintiffs cannot sue governmental

---

[7] *See in re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) ("Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. *See* Tex. R. Civ. P. 45 & 47. Even the omission of an element is not fatal if the cause of action 'may be reasonably inferred from what is specifically stated.' *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).")

[8] The City argues it is immune to injunctive relief based solely on its contention that R.K. "does not challenge [CCP Chapter 62's] constitutionality or has not done so properly," a contention we reject.

[9] The scantness of the parties' briefing does not allow us to avoid deciding this jurisdictional issue. *Hensley v. State Comm'n on Judicial Conduct*, 692 S.W.3d 184, 199, n.71 (Tex. 2024) (appellate courts must engage in *sua sponte* review of their jurisdiction whenever it is uncertain); *Rattray v. City of Brownsville*, 662 S.W.3d 860, 869 (Tex. 2023) ("[C]ourts have the authority and indeed the duty to resolve any jurisdictional doubts[.]").

entities under Chapter 37 for a "declaration of [their] rights"); *Multi-Cnty. Water Supply Corp. v. City of Hamilton*, 321 S.W.3d 905, 907–08 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("It generally is true that one who is interested under a written contract may bring a declaratory-judgment action to . . . determine the parties' contractual rights and duties. But [Chapter 37] is not a general waiver of governmental immunity. By entering into a contract, a governmental entity waives immunity from liability but [not] from suit.") (citation omitted).

We conclude that the City's immunity is not waived under CPRC Chapter 37 for a claim seeking to determine R.K.'s contract rights under his plea agreement. Accordingly, we sustain the City's Issue Two.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's denial of the City's plea to the jurisdiction as to R.K.'s complaint regarding the validity of CCP Chapter 62's retroactive sex offender registration requirement and related requests for declaratory and injunctive relief. We reverse the trial court's denial of the plea as to R.K.'s request for a declaration of his contract rights under his plea agreement.


LISA J. SOTO, Justice


July 18, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.
Palafox, J., dissents without opinion.

9