**Opinion filed November 30, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00359-CR

_____

## MICHAEL DAVID FRITTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 13147-D**

## M E M O R A N D U M   O P I N I O N

The trial court found Appellant, Michael David Fritts, guilty of the offense of failure to register as a sex offender, found an alleged punishment enhancement to be true, and assessed punishment at three years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2018). In one issue, Appellant asserts that the evidence is insufficient to support his conviction. We affirm.

On April 8, 1991, in the Court of Common Pleas in Crawford County, Ohio, Appellant pleaded guilty to a charge of sexual battery in violation of the Ohio Revised Code Section 2907.03. On May 21, 1991, Appellant was sentenced to two years' confinement. However, imposition of the sentence was suspended, and Appellant was placed on probation for a period of five years. One condition of Appellant's probation was that he "attend the sex offender program at District V and STOP."

On March 30, 1992, Appellant was found guilty of the violation of the terms of his probation. Appellant's probation was revoked, and he was sentenced to confinement for a period of two years. On July 14, 1992, Appellant's Motion for Shock Probation was granted. The remainder of Appellant's two-year sentence was suspended, and Appellant was placed on probation for a period of three years. Appellant was required to "attend the sex offender program at District V and anyother [sic] program designated by the Probation Department."

Appellant was subsequently incarcerated in Texas.[1] Prior to his scheduled release on March 17, 2017, Appellant was provided with a "Pre-Release Notification Form" under the "Texas Sex Offender Registration Program." The pre-release notification form had the seal of the Texas Department of Public Safety (DPS) in the top left corner of the first page. The pre-release notification form indicated that Appellant was required to register as a sex offender for life based on the offense of "Sex Battery" from Ohio.

Appellant's expected residence, as stated in the pre-release notification form, was "333 Pine St Abilene, Tx 79601." Among other requirements, Appellant was

---

[1]Based on evidence submitted during the punishment phase, on May 26, 2011, Appellant was convicted of robbery in Taylor County and was placed on community supervision. On May 23, 2012, Appellant's community supervision was revoked, and Appellant was convicted of a second robbery in Taylor County. Appellant was sentenced to five years' imprisonment on each offense.

2

instructed that, "[n]ot later than the 7th day after 03-17-17," he was required to personally appear at the "Abilene P.D." in order to "verify and complete" his registration. Appellant's initials are handwritten on the form beside this, and every other, requirement. Appellant signed the pre-release notification form on March 10, 2017, and Appellant's thumbprint was affixed to the form.

Appellant also signed a Sex Offender Registration Program form on March 10, 2017. That form also had the seal of the DPS in the top left corner of the first page. Appellant's physical address, as listed in the form, was 333 Pine Street in Abilene, Texas. Based on the information in the sex offender registration form, Appellant was required to register as a sex offender for life based on a June 3, 1991 offense for "Sex Battery" in Crawford County, Ohio. The Ohio statutory reference for the offense was "2907.03(A)(2)," and the "8 Digit Texas Offense Code" was "11990001."

The second page of the sex offender registration form listed "Registration Duties." One of the listed registration duties was that Appellant was required "to register with the local law enforcement authority in any municipality (office of the chief of police)" where he resided or intended to reside for more than seven days. Appellant specifically was required to complete the registration "not later than the 7th day after the date of arrival in the municipality."

Each of the duties had a blank for Appellant's initials. Appellant's initials do not appear in any of the blanks. Further, Appellant did not answer questions on the first page of the form about his medical condition or on the second page of the form that related to any occupational restrictions.

Detective Stacey Cisneros, the sex offender registrar for the Abilene Police Department, testified that the pre-release notification form and the sex offender registration form constituted "paperwork," known as a "CR-32," that he typically receives from the DPS. According to Detective Cisneros, the DPS was "in charge

3

of that particular sex offender program" and "look[ed] at out-of-state judgments." The DPS also had "a duty in regards to sex offender registration," was the "record keepers of the sex offender registration," and maintained "the website."

The State introduced into evidence a copy of the information that was obtained from a search of the DPS "Texas Public Sex Offender Registry" website. That information reflected that Appellant was required to register as a sex offender annually for life based on a conviction for "Sexual Battery/the Victim's Ability is Substantially Impaired" in violation of "Ohio Revised Code 2907.03 (A)(2)."

Detective Cisneros received Appellant's "packet" on March 25, 2017. Detective Cisneros testified that, pursuant to the pre-release notification form, Appellant was required to register as a sex offender in Texas no later than the seventh day after March 17, 2017, and to personally appear before the local law enforcement authority to verify and complete any registration. Detective Cisneros was the person that Appellant was required to contact at the Abilene Police Department to register as a sex offender in the City of Abilene. Appellant, however, did not contact Detective Cisneros after Appellant was released from prison.

Around January 25, 2018, Detective Cisneros learned that, "sometime in January," Appellant had been "contacted" by a police officer in Abilene, Texas. Detective Cisneros confirmed that Appellant had not registered as a sex offender anywhere in Texas since his release from prison and then arrested Appellant at the library in downtown Abilene. In a subsequent interview, Appellant stated that he had neither an address nor a job, that the underlying charge was in 1991, that he pled "no contest" to the charge and "did all that time," and that there was "no way" that he could be "recharged or any other time added."

4

Appellant was indicted for the offense of failure to register as a sex offender. The State specifically alleged that Appellant:

[W]hile knowing that he was required to register with the local law enforcement authority in the municipality where [Appellant] resided or intended to reside for more than seven days, to-wit: Abilene, Texas, because of a reportable conviction for Sexual Battery, [Appellant] failed to register with the local law enforcement authority in the municipality.

The State also sought to enhance punishment based on a prior felony conviction. The trial court found Appellant guilty of the offense of failure to register as a sex offender, found that the alleged enhancement was true, and assessed punishment at confinement for three years.

In one issue, Appellant asserts that the evidence is insufficient to support the conviction because the State did not prove beyond a reasonable doubt (1) that the DPS determined that the Ohio sexual battery offense was substantially similar to an offense in Texas that requires registration as a sex offender; (2) that, based on the manner and means alleged in the indictment, Appellant failed to register as a sex offender; or (3) that Appellant resided, or intended to reside, in the City of Abilene.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted.

5

*Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

It is not necessary that the evidence directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing a defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to guilt if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper*, 214 S.W.3d at 13. Because evidence must be considered cumulatively, appellate courts are not permitted to use a "divide and conquer" strategy for evaluating the sufficiency of the evidence. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015). Instead, appellate courts must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

We measure the sufficiency of the evidence by the essential elements of the offense as defined in the hypothetically correct jury charge for the case. *Metcalf v. State*, 597 S.W.3d 847, 856 (Tex. Crim. App. 2020). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which

6

the defendant was tried." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The law 'authorized by the indictment' consists of the statutory elements of the offense as modified by the indictment allegations." *Id.* (citing *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

A person commits the offense of failure to comply with registration requirements if he is required to register as a sex offender and fails to comply with any requirement of Chapter 62 of the Texas Code of Criminal Procedure. *See* CRIM. PROC. art. 62.102(a); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011). As charged in this case, a person fails to comply with the sex offender registration requirements if (1) he has a reportable conviction or adjudication, (2) he is required to register, (3) he fails to comply with that requirement, and (4) his duty to register has not expired. *Hall v. State*, 440 S.W.3d 690, 692 (Tex. App.—Texarkana 2013, pet. ref'd); *see also Crabtree v. State*, 389 S.W.3d 820, 824–25 (Tex. Crim. App. 2012).

Under Chapter 62, a "reportable conviction" includes a conviction for a violation of the laws of another state if the offense contains "elements that are substantially similar to the elements" of one of the offenses listed in Chapter 62. CRIM. PROC. art. 62.001(5)(H) (West Supp. 2020). The DPS is required to determine if an offense in another state contains elements that are substantially similar to the elements of an offense in Texas that is listed as a reportable conviction in Chapter 62. *Id.* art. 62.001(1), 62.003(a). When the State relies on a conviction for an offense in another state to prove a violation of the sex offender registration program, the State must prove that the DPS compared the elements of crimes defined by the statute in the other state with those found in the list of reportable convictions in Chapter 62. *See Crabtree*, 389 S.W.3d at 826, 832.

Whether the out-of-state conviction is a reportable conviction under Chapter 62 is reviewed as a question of law. *See id.* at 832. However, the question

7

of whether the State presented evidence to show that the DPS determined that the offense of the other state contains substantially similar elements as a Texas offense is a question of fact. *See id.* at 832–33.

Appellant first argues that there is insufficient evidence to prove that the DPS compared the offense of sexual battery, as defined by Ohio law, to a reportable conviction under Texas law and determined that the two are substantially similar. Appellant specifically argues that the State offered neither the Determination List promulgated by the DPS for Ohio nor testimony from an individual at the DPS who was responsible for the determination.

When the State relies on an out-of-state conviction to support a violation of the sex offender registration requirements, "a DPS substantial-similarity determination is an essential element of the offense." *Id.* at 832. However, the State is not required to submit any specific form of evidence to establish that the DPS made the required determination. *Scott v. State*, No. 13-12-00671-CR, 2014 WL 5314508, at *4 & n.3 (Tex. App.—Corpus Christi–Edinburg Oct. 16, 2014, pet. ref'd) (mem. op., not designated for publication) (noting that the "manner of proving the DPS determination is flexible"). Rather, the State may prove in "many ways" that the DPS made the determination, including the defendant's admission or stipulation, testimony by a person who was present when the determination was made, or documentary proof. *Id.* at *4 n.3 (citing *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007)).

Here, the evidence established that the pre-release notification form and the sex offender registration form constituted the CR-32 that Detective Cisneros typically received from the DPS. Further, both the pre-release notification form and the sex offender registration form had the seal of the DPS in the upper left corner of the first page. According to Detective Cisneros, the DPS "looks at out-of-state judgments" and is in "charge of that particular sex offender program."

8

Both the pre-release notification form and the sex offender registration form indicated that Appellant was required to register for life as a sex offender based on a conviction for sexual battery under Section 2907.03(A)(2) of the Ohio Revised Code. The sex offender registration form also lists an eight-digit code for the applicable Texas statute. Finally, the sex offender registry website, which Detective Cisneros testified was maintained by the DPS, reflected that Appellant was required to register for life based on a conviction for sexual battery in Ohio.

We hold that the evidence, when viewed in the light most favorable to the verdict, was sufficient for a rational factfinder to determine that the DPS had compared the elements of sexual battery, as defined by Ohio law, to the elements of a Texas offense, as identified by the "8 Digit Texas Offense Code," that requires registration as a sex offender and determined that the two offenses were substantially similar.

Appellant next argues that the evidence is insufficient to support his conviction because the State alleged that he failed to register as a sex offender within seven days of when he was released from prison, but the evidence established that he registered as a sex offender on March 10, 2017, while he was still incarcerated. Appellant specifically contends that the State's evidence was directed at his failure to timely verify the information in the sex offender registration form, a different manner and means for the commission of the offense than was alleged in the indictment.

Before a person who will be required to register as a sex offender is due to be released from prison, the TDCJ must determine the person's level of risk to the community and inform the person of a number of statutory requirements, including the duty to register as a sex offender. CRIM. PROC. art. 62.053(a). On the seventh day before the date on which the person is due to be released from confinement, or on receipt of notice that the person is due to be released in less than seven days, the

9

TDCJ is required to send that person's "completed registration form" and risk level to the DPS and, if the person intends to reside in Texas, to the applicable local law enforcement authority of the municipality or county in which the person expects to reside. *Id.* art. 62.053(b).

Article 62.051 of the Code of Criminal Procedure sets out the general duty to register as a sex offender. CRIM. PROC. 62.051; *Young*, 341 S.W.3d at 425. Pursuant to Article 62.051(a):

> A person who has a reportable conviction . . . shall register or, if the person is a person for whom registration is completed under this chapter, verify registration as provided by Subsection (f), with the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days. . . . The person shall satisfy the requirements of this subsection not later than the later of:
>
> (1) the seventh day after the person's arrival in the municipality or county; or
>
> (2) the first date the local law enforcement authority of the municipality or county by policy allows the person to register or verify registration, as applicable.

CRIM. PROC. art. 62.051(a). Article 62.051(f) provides that, not later than the seventh day after the person is released, a person for whom registration was completed under Chapter 62 is required to report to the applicable local law enforcement authority to verify the information in the registration form received by the authority. *Id.* art. 62.051(f). If the information in the form is "complete and accurate," the person is required to verify the information by signing the form. *Id.* However, if the information is not complete or not accurate, the person is required to make any necessary additions or corrections. *Id.*

While he was incarcerated, Appellant signed the pre-release notification form required under the terms contained in Article 62.053 and the partially completed sex offender registration form. Appellant did not initial the registration duties in the sex

offender registration form and did not answer certain questions in that form. Appellant acknowledged when he signed the pre-release notification form (1) that he was required to register as a sex offender and (2) that, no later than "the 7th day after 03-17-17," he was required to "personally appear" at the "Abilene P.D." "to verify and complete" his registration. *See Juarez v. State*, 198 S.W.3d 790, 794 (Tex. Crim. App. 2006) (noting that the State had presented evidence that "as part of his registration obligations, appellant was required to verify his whereabouts within seven days after his release from prison"); *Lee v. State*, No. 13-10-00555-CR, 2012 WL 5944925, at *6–7 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2012, no pet.) (mem. op., not designated for publication) (overruling the appellant's contention that the evidence established only that he failed to verify the information in the registration form prepared before his release from prison because the pre-release notification form and testimony established that the registration was not complete until the appellant appeared before the local law enforcement authority). Appellant failed to timely appear and either verify or complete the sex offender registration form.

We hold that, viewed in the light most favorable to the verdict, the evidence is sufficient to support the trial court's determination that Appellant failed to register as required under the provisions of Chapter 62 of the Texas Code of Criminal Procedure and as alleged by the State in the indictment.

Appellant finally argues that the evidence was insufficient to support the verdict because the State failed to prove that Appellant resided, or intended to reside, in the City of Abilene.

Appellant signed the pre-release notification form and the sex offender registration form on March 10, 2017. In both forms, Appellant indicated that he

intended to reside at "333 Pine Street, Abilene, Texas."[2]  Although there was no evidence of when Appellant arrived in Abilene, Detective Cisneros testified that he learned that a police officer in Abilene, Texas, had contact with Appellant in January 2018.  After Detective Cisneros confirmed that Appellant had not registered as a sex offender anywhere in Texas, he arrested Appellant on January 25, 2018.  After the arrest, Appellant stated that he did not have an address or a job.  Based on this evidence, the trial court could have reasonably inferred that Appellant intended to reside in Abilene after he was released from prison, went to Abilene after his release, did not live or work anywhere other than Abilene, and was still in Abilene in January 2018, more than seven days after he was released from prison.

We hold that, viewed in the light most favorable to the verdict, the evidence was sufficient for a rational trier of fact to determine that, when Appellant was released from prison on March 17, 2017, he intended to reside in Abilene, Texas, for more than seven days and that he actually resided in Abilene, Texas, for more than seven days.

We overrule Appellant's sole issue and affirm the trial court's judgment.


November 30, 2020                                         JIM R. WRIGHT

Do not publish.  *See* TEX. R. APP. P. 47.2(b).          SENIOR CHIEF JUSTICE

Panel consists of:  Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]In his brief, Appellant asserts that "333 Pine Street, Abilene, Texas" is the address for the United States Post Office in Abilene and "is not an actual address where a person could reside."  However, there is no evidence in the record about what building might be located at "333 Pine Street" in Abilene.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.